331 So.2d 725

**Leon Edward ADKINS**

v.

**Sarah Frances ADKINS.**

**Civ. 810.**

Court of Civil Appeals of Alabama.

May 5, 1976.

Taylor & Taylor, Russellville, for appellant.

Holt, McKenzie & Holt, Florence, for appellee.

WRIGHT, Presiding Judge.

This is an appeal from a judgment of construction and enforcement of a prior judgment for divorce and property division. We affirm.

The parties were divorced by judgment entered July 12, 1973. The pertinent part of that judgment is as follows:

"10. Sarah Frances Adkins shall have exclusive use, possession, and control of the lot, house and all outbuildings including the mobile home for the duration of her natural life or until such time as she remarries or until such time as she wishes to sell the property as a whole. Under any of the above events in which the property is sold, any equity realized after the payment of all indebtednesses against all of the properties, shall be divided ⅔ to Sara Frances Adkins and ⅓ to Leon Edward Adkins. Leon Edward Adkins is hereby directed to execute the necessary instruments in such an event."

On June 6, 1975, Mrs. Adkins filed a petition styled "A Petition To Cite For Contempt and For Supplemental Decree." The essence of the petition was that under authority of the original divorce judgment, plaintiff had for some time attempted to sell the property for $50,000.00; that defendant refused to execute the necessary instruments of conveyance and had harassed and embarrassed plaintiff and prevented the sale; that defendant was in contempt of the court by his failure to abide by the decree. The petition then requested an order supplementing the original judgment by authorizing plaintiff to secure a sale and directing defendant to cooperate by executing necessary instruments of conveyance of his interest.

The petition upon being presented to the court was set for hearing on June 16, 1975. Defendant appeared specially, objecting to the early setting for hearing. However, defendant at the same time filed an answer and cross-bill. The cross-bill requested construction of the original judgment and averred that plaintiff had failed to maintain the property as directed. Certain other parties were alleged to be interested in the property and were requested to be made parties.

The court continued the matter generally to be reset upon motion of either party.

It recognized the oral offer of defendant to pay $51,000.00 for the property if such offer was accepted the same day.

On July 3, 1975, plaintiff filed answer to the cross-bill. The same date, defendant amended his cross-bill by offering to pay into court the sum of $51,000.00 less the mortgage indebtedness if the property were conveyed to him. However, it was requested that the interest of plaintiff be charged for the alleged cost of necessary maintenance not performed. The amended cross-bill was answered on July 15 with a counter proposal of sale and purchase.

September 9, 1975, plaintiff moved for an oral hearing which was set for October 29, 1975. On October 22, 1975, a written motion for continuance on the ground of a conflicting setting in Walker County was filed by defendant. Denial of continuance was given orally via telephone by the judge and written on the motion. On October 24, 1975, defendant filed written motion for recusal by the judge on the grounds of bias and prejudice against defendant. The motion avers bias and prejudice because of the refusal of the requested continuance and because the original petition of plaintiff for contempt had been set with only 10 days' notice. On October 28, 1975, defendant withdrew his offer of purchase.

The court proceeded to hear the matter on October 29, without the presence of defendant or his counsel. Judgment was entered authorizing plaintiff to secure a good faith sale. The register was directed to convey the interest of defendant in event of sale. Report and accounting of the sale was directed to be made to the register.

Motion for rehearing was filed, set and heard by the court. Motion was denied.

■ Defendant presents three issues on appeal. The first is that the court erred in failing to recuse itself.

The only argument on this issue presented by defendant is that the setting of the original petition for hearing with 10 days' notice instead of 30 days demonstrates a bias and prejudice against defendant. Such argument has no merit.

The petition alleged willful failure to comply with a prior judgment of the court. It further set out details of such noncompliance. Though it requested additional supplemental relief through enforcement, the sworn petition contained sufficient allegations for the issuance of a rule nisi. Such brought it within the exception to Rule 12(a) of the Rules of Civil Procedure requiring 30 days to answer. If such action were erroneous, it would fall far short of giving grounds for recusal.

In any event, the court granted defendant's motion for continuance and the petition was not heard or set. In fact, it was more than four months later and after extensive pleading that the petition and cross-petition was heard. Such forbearance at the request of defendant certainly doesn't support the charge of bias and prejudice.

The second charge is that the court erred in denying a continuance because counsel had a case set in another jurisdiction.

The record discloses the order setting the hearing for October 29 was entered September 9, 1975, and mailed to counsel. It was not until October 22 that defendant's counsel requested a continuance. This was 42 days after the order. Notice of conflicting setting was given only seven days before the hearing date. There is no indication that other counsel was not available to try one or the other of the cases.

■■ The granting or refusing a continuance of a case set for trial is a matter for the sound discretion of the trial court. The burden of showing gross abuse of that discretion was upon the defendant. In light of the propositions stated in the case of *City of Birmingham v. Goolsby*, 227 Ala. 421, 150 So. 322, we find no such abuse in this case.

■ The third issue is that the trial judge erred in entering judgment without

**718**

taking testimony. Defendant says that the court failed to act as required by Rule 55(b)(2) ARCP. We can find no violation of Rule 55. That rule merely provides for the taking of testimony in event of default if it is necessary to enable the court to enter judgment or carry it into effect. The relief requested in this case was nothing more than to construct and enforce a prior decree of the same court. That was the judgment rendered. Defendant has failed to indicate what testimony was pertinent to such a determination by the court. We perceive no violation of Rule 55.

AFFIRMED.

BRADLEY and HOLMES, JJ., concur.