HOLMES, Judge.
This is a divorce case.
The dispositive issue on appeal is whether the trial court erred in denying the wife’s motion for a continuance. The basis of the continuance motion was that no court reporter was present to transcribe the testimony. We find the trial court did not err and affirm.
The controlling statute, as conceded by all parties, is Act No. 25, Acts of Alabama, Second Special Session 1971, and in pertinent part is as follows:
“The judge shall secure the services of a competent reporter to attend the sessions of the court and report all equity cases tried when request in writing therefor is made by any party to a suit.
The following are facts, as revealed by the record, which we deem appropriate for an understanding of the instant appeal.
The husband, in July of 1976, filed for divorce. The wife filed appropriate responsive pleadings. The matter was set for hearing in September of 1976. In October, the wife’s first attorney withdrew from the case. At this juncture, no request in writing had been made for a court reporter to be present. In October, another attorney was retained to represent the wife. Again, motions were filed on behalf of the wife by this attorney and a hearing was set for November, 1976. This hearing was apparently continued and the matter was reset for December, 1976, at which time a hearing was held and testimony heard by the trial court. No request in writing for a *2 court reporter was made by either party. In fact, the only reference to a court reporter is found in the final decree. In the final decree of the trial court, we find the following: “A request was made for a continuance for lack of a reporter and said request was denied.”
Again, we note that we have perused the entire record and nowhere do we find a written request for a court reporter. The trial court further in its decree made disposition of the parties’ assets and ordered attorneys’ fees be paid by the respective parties.
Able counsel[1] for the wife contends that the pertinent statute requires that a court reporter be physically present and then a request in writing can be made. He goes further and argues that since none was present, such a request in this instance would have been a useless act.
We do not agree with able counsel’s interpretation of the statute in question.
We interpret that statute to mean that if a request is made in writing for the services of a court reporter, then such court reporter shall be made available as prescribed by the statute. We believe that the statute in question is clear and that when language of a statute is plain it should be considered to mean exactly what it says. Ala. Industrial Bank v. State ex rel. Avinger, 286 Ala. 59, 237 So.2d 108 (1970); 18 Ala.Digest Statutes &=> 188.
As noted above, clearly in this instance, no request in writing was made by any of the wife’s attorneys. Since there is no transcription of what transpired below, we can only assume, as indicated in brief, that on the day of the hearing the wife made an oral request for a reporter, followed by a motion for a continuance since no such reporter was present. Such, as seen from the above, is not in compliance with the statute.
With the above in mind, the issue then becomes did the trial court err to reversal in failing to grant a continuance. In general, the law is that the granting or denying of a motion for a continuance is within the sound discretion of the trial court. Adkins v. Adkins, 57 Ala.App. 715, 331 So.2d 725 (1976). Specifically, as the husband points out in brief, this general principle of law has been applied in the instance where the trial court refused to grant a continuance on the grounds that a court reporter was absent. Put another way, the Supreme Court of Alabama in Shaw v. Knight, 212 Ala. 356, 102 So. 701 (1925), held that the trial court did not abuse its discretion in failing to grant a continuance for the reason as shown above.
In this instance, keeping in mind the principle of law, as shown above, and the fact that Act No. 25 has not been complied with, we cannot say the trial court erred to reversal. We should not be understood as holding that the trial court was prohibited from granting a continuance.
Other issues raised by the wife related to the disposition of the parties’ assets and attorneys’ fees. All of these matters are within the discretion of the trial court based upon the evidence as heard by the trial court. Since there is no record before us, no error may be predicated on the trial court’s findings in regard to these matters.
Suffice it to say that in the absence of all the evidence heard and received by the trial court, and on which it based its decision, the trial court’s decree would be presumed to be supported by sufficient evidence so as to require affirmance on appeal. Adams v. Adams, Ala.Civ.App., 335 So.2d 174 (1976).
AFFIRMED.
WRIGHT, P. J., and BRADLEY, J., concur.

. Who did not represent the wife at any time before.