**KING CONSTRUCTION COMPANY, INC., Appellant,**

v.

**Bob TOLLETT, Commissioner of Revenue, Appellee.**

Supreme Court of Tennessee.

June 9, 1980.

Daniel, Duncan & Claiborne, Knoxville, for appellant.

Everett H. Falk, Deputy Atty. Gen., William M. Leech, Jr., Atty. Gen., State of Tennessee, Nashville, for appellee.

## OPINION

COOPER, Justice.

King Construction Company, Inc., has appealed from the decree of the Chancery Court of Blount County dismissing an action brought to recover sales and use taxes paid under protest. Appellant insists the chancellor erred in holding that pipe purchased by appellant and used in the construction of governmentally owned water systems was not "industrial machinery" within the definition set forth in T.C.A. § 67–3002(n). Appellant also insists the chancellor erred in holding that the Department of Revenue could assess the full sales tax liability on purchases of pipe, even though it had previously approved authorizations for the purchase of the pipe as "industrial machinery" and had accepted and approved, after audit, payments of taxes at the "industrial machinery" rate.

Appellant's basic business is the construction and installation of water and sewer lines for governmental and quasi-governmental agencies. During the period 1975 to 1977, appellant made four separate applications to the Department of Revenue for authorization to purchase materials at the reduced sales tax rate of 1% applicable to "industrial machinery" by T.C.A. §§ 67–3002(n) and 67–3003(g). The applications covered equipment to be used in the construction or installation of water distribution systems for the Tellico Area Service System, the East Knox Utility District, the West Knox Utility District, and the Piney

Utility District. In each of the applications, the equipment to be purchased was described as "pollution control," the specific function of which was to "install water-sewer lines." The applications were approved by the Department of Revenue and "M" numbers were assigned to the authorizations. Appellant reported purchases on the projects under the assigned "M" numbers and paid sales tax at the industrial machinery rate of 1%.

■ In 1978, on auditing appellant's sales tax returns for the period of January 1, 1977, through June 30, 1978, the Department of Revenue determined that the projects for which "M" numbers had been assigned to appellant were primarily for the construction of water distribution systems, and had no connection with the disposal of sewage or waste water or with stream pollution control. The Department then assessed appellant with the full sales tax of 4½% due on the purchase and use of "tangible personal property" other than "industrial machinery."

Appellant insists that pipes used in the construction of "raw water intake from streams and in water distribution systems constructed for counties and municipalities," are within the statutory definition of "industrial machinery" and thereby qualify for the 1% sales and use tax rate.

The legislature has defined "industrial machinery" to include ". . . equipment primarily used for air and pollution control or stream pollution control, where the use of such equipment is by . . . a contractor pursuant to a contract with [a] county or municipality for use in stream pollution control or sewage systems." T.C.A. § 67–3002(n).

Key terms of the definition, such as "pollution" and "sewage," are not specifically defined in § 67–3002(n); however, they are words in common use. Generally pollution refers to the condition of contaminating an environment, in this instance water, usually by man-made waste. Sewage refers to refuse liquids or waste matter carried off by sewers. *See* WEBSTER'S NEW COLLEGIATE DICTIONARY (1975). And as pointed out by the chancellor "stream pollution control, as well as sewer systems, connotes systems used to prevent, treat, or purify effluent discharged into streams, and does not include water distribution systems which are designed and used to remove water from streams or underground wells for use as potable water."

■ Appellant also takes the position that even if the pipe can not be properly classified as "industrial machinery," it should not be required to pay the tax assessment as the Commissioner of Revenue issued an authorization to appellant to purchase the pipe as "industrial machinery" and accepted and approved, in earlier audits, payments of taxes at the "industrial machinery" rate on purchases of similar materials.

In *Memphis Shoppers News, Inc. v. Woods,* 584 S.W.2d 196 (Tenn.1979), this court emphasized that "no relief is available to (a taxpayer) under the doctrine of estoppel as a result of the failure of tax officials to collect the tax, because of misinterpretation of the law, or for whatever reason." Further, in this case, there is no factual basis for an estoppel even if such a remedy were available to appellant. By definition, the primary use made of equipment is a determinative factor in the classification of the equipment as "industrial machinery" subject to a reduced sales tax rate. T.C.A. § 67–3002(n). Appellant obtained an "M" authorization from the Commissioner of the Department of Revenue on the representation that the equipment to be purchased was for "pollution control," specifically to "install water-sewer lines." Equipment used for this purpose is recognized as being within the definition of "industrial machinery." But here, the appellant used the equipment in the construction of a water distribution system—a use different from that set forth in appellant's application, and a use that is outside the statutory definition

of "industrial machinery." Obviously, the Commissioner of the State can not be bound to recognize equipment as "industrial machinery" when the actual use made of the equipment is different from the use in the purchaser's application for the reduced sales tax benefit.

The decree of the chancellor dismissing the action is sustained. Costs incident to the appeal are adjudged against the appellant and its surety. The cause is remanded for collection of costs and such other proceedings, if any, as may be necessary and proper.

BROCK, C. J., and FONES, HENRY and HARBISON, JJ., concur.