BRADLEY, Judge.
This case involves an appeal by Old Southern Life Insurance Company (Old Southern) from the Montgomery County Circuit Court’s order affirming Alabama Insurance Department’s (Department’s), order requiring Old Southern to recognize a $378,000 law suit settlement as a liability on its 1982 financial report.
The $378,000 liability in question arose from a settlement of a judgment rendered against Old Southern on behalf of a policyholder, William Riddle, for a lawsuit based on fraud. Riddle purchased a Medicare supplement policy from old Southern in 1982. One of Old Southern’s agents misrepresented to Riddle at the time the policy was sold in 1982 that the policy would provide certain benefits which were, in fact, not provided. In December 1982 Riddle entered a hospital, and was eventually released in January 1983. On October 6, 1983 Riddle filed suit against Old Southern based on misrepresentations made by Old Southern’s agent during the sale of the policy. In February 1984 Riddle received a jury award of $2,500,000. The verdict was later settled for $378,000 in April 1984.
The Department generally audits insurance companies doing business in Alabama every three years. In 1984 the Department conducted a triennial financial examination of Old Southern for the period of January 1, 1980 through December 31, 1982. Examiners for the Department in Alabama and the Mississippi Department of Insurance prepared a report on Old Southern’s financial condition from January 1980 to December 31, 1982, and assessed the $378,000 Riddle settlement as a liability incurred in 1982. After the Department examiners’ report was completed, Old Southern filed a written objection to the report and, pursuant to section 27-2-24, Code 1975, requested a hearing before the Department. The sole issue at the hearing was “whether or not the $378,000 Riddle settlement was properly and lawfully included as a policy and contract claim, and accident and health reserve or liability as of December 31, 1982, in accordance *850 with Section 27-36-1 and other pertinent provisions of the Alabama Insurance Code.”
After the hearing the Department Commissioner issued an order determining that the examiners’ financial report accurately reflected the financial condition of Old Southern as of December 31, 1982. Old Southern appealed this order to the circuit court, which affirmed the Department Commissioner’s order. Old Southern appeals to this court. The sole issue before this court is whether the Department properly included the $378,000 Riddle settlement as a liability in 1982 pursuant to section 27-36-1, Code 1975.
The Department contends that it properly based its decision to establish the Riddle settlement as a reserve liability in 1982 on the language contained in section 27-36-1. This section reads in part as follows:
“In any determination of the financial condition of an insurer, capital stock and liabilities to be charged against its assets shall include:
[[Image here]]
“(2) The amount, estimated consistent with the provisions of this title, necessary to pay all of its unpaid losses and claims incurred on or prior to the date of statement, whether reported or unreported, together with the expenses of adjustment or settlement thereof.”
Section 27-36-1 requires that the Department, in the instant case, include all of Old Southern’s unpaid losses and claims incurred on or prior to December 31, 1982 as a liability on Old Southern’s 1982 financial report.
Old Southern concedes that the $378,000 Riddle settlement should be reported as a reserve liability but contends that the liability should not be reflected on its 1982 financial books, but in a subsequent year. Old Southern contends that sound accounting principles dictate that the $378,000 claim in question could not have been incurred until it was at least discovered by it, either in 1983 when Riddle filed the fraud suit or in 1984 when the settlement was reached. The Department responds, that the claim or loss was incurred in 1982, whether Old Southern knew about it or not, because Old Southern made misrepresentations in that year and because Riddle entered the hospital in that year.
The central question on appeal is whether the Riddle claim was an incurred loss or claim prior to December 31, 1982 under section 27-36-1. These terms are not defined by the legislature, thus they will be given their commonly accepted meaning. Rush v. Department of Revenue, 416 So.2d 1023 (Ala.Civ.App.1982). “To incur” means “to meet or fall in with (as an inconvenience); become liable or subject to; bring down upon oneself.” Webster’s Seventh New Collegiate Dictionary 425 (1976). “To incur” has been defined as to become liable or subject to through one’s own action, as to incur liabiities or penalties. American Indemnity Co. v. Olesijuk, 353 S.W.2d 71 (Tex.Civ.App.1961). A liability includes “any kind of debt, either absolute or contingent, express or implied.” Salem Water Co. v. City of Salem, 5 Or. 29 (1873).
The Department contends that, given the broad definitions noted above, it was reasonable to include the Riddle settlement as an unpaid claim or loss incurred prior to December 31, 1982. The Department also contends that it has consistently interpreted section 27-36-1 to require that reserve liabilities be established in relation to the date of occurrence and bear a reasonable relationship to the situation giving rise to the claim. Examiners from the Department testified that, where a claim is made under a hospitalization or accident insurance policy, the incurred date of liability is the date of the insured’s hospitalization or accident. The date of hospitalization or accident was determined to be the event or situation giving rise to a claim.
Insurance examiners testified that with respect to an insurance company's bad faith refusal to pay a claim under a hospitalization policy the date of occurrence was the date of the insured’s hospitalization. Thus, where an insured entered the hospital in 1982, an insurer subsequently in bad faith refused to pay the insured’s claim in 1983, and a judgment based on the in *851 sured’s bad faith refusal was rendered in 1984, the date of occurrence was in 1982, the date of the insured’s hospitalization.
Our courts have stated that a bad faith refusal to pay a claim is merely a species of fraud. Dumas v. Southern Guaranty Insurance Co., 408 So.2d 86 (Ala.1981). Thus, we see no reason for the insurance department to treat a fraud claim and bad faith refusal claim differently with respect to establishing a date of occurrence. The date of occurrence for a claim based on an agent’s misrepresentation of the' contents of a policy, when applying the Department’s general principles, would be the date of the insured’s hospitalization. Although the Department contends also that the date of occurrence in the instant case was the date of the agent’s misrepresentations, we conclude that setting the date of the insured’s hospitalization as the date of occurrence is more consistent with department policy.
Moreover, it is well settled that a plaintiff cannot establish a defendant’s liability for deceit unless the plaintiff has suffered some damage as a result of the defendant’s deceit. Mobile Building & Loan Association v. Odom, 232 Ala. 19, 166 So. 698 (1936). W. Prosser, Handbook of the Law of Torts § 105 (3d ed. 1964). In the case at bar Riddle’s hospital stay which resulted in the incurring of expenses not covered by the policy (which expenses the insured had been told would be covered) began in 1982. The damages suffered by Riddle due to Old Southern’s agent’s misrepresentations occurred in 1982, and consequently Old Southern’s liability for the damages arose in 1982.
Paul Raadt, chief examiner of the Department, explained that the Department uses a hindsight approach in conducting a triennial audit of an insurance company, and that, therefore, the Department often includes liabilities on an insurance company’s financial report which liabilities the insurance company had no knowledge of at the time the company prepared its financial statement. He stated that other states used this approach as well. Henry Cooper, an examiner from the Mississippi Insurance Department, testified that the Mississippi Department used the same date of occurrence method noted above in establishing the date of incurred loss. Cooper participated in the audit of Old Southern and concluded that the reserve liability for the Riddle settlement was properly established in 1982, since Old Southern’s agent made misrepresentations and Riddle was hospitalized in that year.
The Department has established a longstanding policy of interpreting section 27-36-1, Code 1975, to require that it use the date of occurrence as the criterion for establishing a reserve liability on hospital insurance policies. We note that interpretations of a statute by an administrative agency charged with its enforcement are to be given great weight by the reviewing court. Hulcher v. Taunton, 388 So.2d 1203 (Ala.1980). We note also that the Department Commissioner’s order is to be considered prima facie just and reasonable, and should be reversed only where the Commissioner misapplied the law or based his order upon a finding of facts contrary to the weight of the evidence, or where the Commissioner’s order was arbitrary or capricious, or was procured by fraud. § 27-2-32(e), Code 1975.
Given the above testimony and definitions, we conclude that the Department Commissioner’s order requiring that the $378,000 Riddle settlement be recorded as a reserve liability on Old Southern’s 1982 financial report was reasonable. Although the Department had not previously addressed the exact fact situation involved in the instant case, it appears that the Department attempted to treat this case in accordance with established policy and practice.
The judgment of the circuit court is affirmed.
AFFIRMED.
WRIGHT, P.J., concurs.
HOLMES, J., dissents.