HOLMES, Judge
(dissenting).
I respectfully disagree with the majority opinion. It appears to me to be based upon the assumption that Old Southern’s loss or *852 liability in this instance is similar to that which would arise from a claim by Riddle under his insurance contract. I can find no basis for treating the liability in this manner.
Old Southern’s liability to Riddle did not arise under the provisions of the insurance policy it sold to him. It arose solely from Riddle’s suit against Old Southern for misrepresentation. This suit was not even filed until October 1983, several months after the date of the subject financial statement. The suit did not concern any unpaid claims under the policy because, as Old Southern points out in brief, all such claims were paid.
Unfortunately, the insurance statutes do not define what is meant by the word “incurred” or the phrase “unpaid losses and claims incurred,” as used in Ala.Code (1975), § 27-36-1(2). I can, moreover, find no Alabama case law which sheds light on the interpretation of these terms as used in the statute. I, therefore, agree with the majority that the terms should be given their commonly accepted meaning. Rush v. Department of Revenue, 416 So.2d 1023 (Ala.Civ.App.1982).
The word “incur” is susceptible of several definitions. In my opinion, “incur” is best defined within the context of § 27-36-1(2) as “become liable or subject to,” Webster’s Third New International Dictionary 1146 (1971), or “to have liabilities cast upon one by act or operation of law ....” Black’s Law Dictionary 691 (rev. 5th ed. 1979).
The loss for which Old Southern became liable was that which arose when it settled the lawsuit with Riddle, not when it sold the insurance policy to Riddle or when Riddle entered the hospital. Thus, under the instant facts, the earliest date when Old Southern could possibly have become liable was October 1983, when Riddle filed suit against it.
I would reverse the judgment of the most learned and distinguished trial judge.