CRAWLEY, Judge,
concurring in the result.
The majority opinion discusses only what the agreement required Bailey to do (disclose his liabilities), not what it required Walker and Hegenbarth to do (indemnify Bailey for liabilities existing at the time of the agreement). Apparently, the trial court was not called upon to decide whether the indemnity agreement was ambiguous, compare Woodruff v. Leighton Ave. Office, 622 So.2d 304, 307 (Ala.1993), or what the parties intended by the use of the phrase “liabilities existing at [a certain] date.”
I concur in the result because, in the absence of any provision limiting the word “liabilities,” or any evidence indicating what the parties meant by “existing liabilities,” I think this court’s definition of “liability” in Old Southern Life Ins. v. Alabama Ins. Dept., 503 So.2d 849 (Ala.Civ.App.1986), covers the situation here.
“A liability includes ‘any kind of debt, either absolute or contingent, express or implied.’ ”
503 So.2d at 850 (quoting Salem Water Co. v. City of Salem, 5 Or. 29, 32 (1873)).