(82 South. 519)

CITY OF BIRMINGHAM v. SOUTHERN BELL TELEPHONE & TELEGRAPH CO.    (6 Div. 877.)

(Supreme Court of Alabama.   June 12, 1919.)

1. TELEGRAPHS AND TELEPHONES ☾⟶33(1)— STATUTORY PROVISIONS—RIGHT OF APPEAL —BILL OF EXCEPTIONS.

Code 1907, §§ 5632–5725, referring to the powers of the railroad commission as regards common carriers, Acts 1909, p. 35, amending the act of 1907 and providing for appeals from orders of the railroad commission relating to rates of common carriers, Acts 1915, pp. 567, 865, giving the railroad commission jurisdiction over telephone rates and changing its name to the Public Service Commission, and section 3 thereof, giving the commission full power over such rates, give no right of appeal to the Supreme Court from an order of the commission relating to telephones, nor provide for bill of exceptions; Code 1907, §§ 3016, 3022, relating to bill of exceptions, and sections 4866, 4867, relating to appeals from, and bill of exceptions by, circuit courts, being inapplicable.

2. EXCEPTIONS, BILL OF ☾⟶2 — STATUTORY PROVISIONS—APPLICABILITY.

Code 1907, §§ 3016, 3022, relating to bill of exceptions, are applicable only to judicial tribunals in judicial proceedings.

3. PUBLIC SERVICE COMMISSIONS ☾⟶35 — RIGHT OF REVIEW—CERTIORARI.

The common-law writ of certiorari does not lie to review a finding of the Public Service Commission, where no questions touching the jurisdiction of such commission or the legality of its proceedings are apparent upon the face of the record, and what is sought to be reviewed are mere conclusions reached upon the facts.

4. PUBLIC SERVICE COMMISSIONS ☾⟶35—CERTIORARI—JURISDICTION OF COURT.

A petition disclosing a proper case for the granting of a common-law writ of certiorari to review the findings of the Public Service Commission should first be addressed to the circuit court, and not to the Supreme Court originally.

Petition for common-law writ of certiorari to the Public Service Commission to certify the record in the case of City of Birmingham against the Southern Bell Telephone & Telegraph Company, and before the Supreme Court to review and revise the finding of such Commission, or, alternatively, for the establishing of a bill of exceptions and review of such order upon appeal. Denied.

James Weatherly and Frederick G. Moore, both of Birmingham, for appellant.

Hunt Chipley, of Atlanta, Ga., A. G. & E. D. Smith, of Birmingham, and Steiner, Crum & Weil, of Montgomery, for appellee.

PER CURIAM. In the Code of 1907, §§ 5632 to 5725, will be found the general law relating to the powers, duties, etc., of the railroad commission, having reference chiefly to railroads and common carriers. Code, § 5683, makes rates fixed by the commission prima facie reasonable.

In Acts 1909, p. 35, will be found an amendment to certain provisions of the act of 1907 in Code provisions, and on pages 96 to 100 provision for appeals from any action or order of the railroad commission of Alabama reducing or increasing or refusing to increase any rates, fares, or charges by common carriers for the transportation of property, freight, or passengers specifically prescribed by statute, or made the maximum rates by statute, or established by the railroad commission. to the chancery court and thence to the Supreme Court.

[1] In Acts 1915, p. 567, the railroad commission of Alabama was given jurisdiction over rates, charges, service, and facilities of all persons, firms, and corporations

engaged in or carrying on for hire the business of telephone or telegraph, either or both. In Acts 1915, p. 865, the name of the railroad commission of Alabama was changed to Public Service Commission, and its authority, powers, and jurisdiction enlarged. In section 3 of that act the commission was given exclusive jurisdiction and authority over rates and charges, with full power to regulate, supervise, and control the same, of certain utilities, including telephone and telegraph lines, with full provision for investigation of their affairs, etc. We find nothing in the statutes dealing with this subject which gives the right of appeal from order of said commission to the Supreme Court, or providing for the obtaining or establishment of a bill of exceptions. Nor do we find any other provision of law providing for the establishment of a bill of exceptions by this court under such conditions as disclosed by the petition in question.

[2] Bills of exception are created and regulated by statute. The statutes of Alabama (Code 1907, §§ 3016, 3022), relating to bills of exception, make it manifest that they are applicable only to judicial tribunals in judicial proceedings; the statutes clearly indicating that the bill is to be allowed and signed by the presiding judge, and if he refuses to sign a correct bill he is guilty of a misdemeanor. The Code, as amended by the act of 1915, also provides for the establishment of bills of exception by this court when the "judge" trying the case refuses to sign a correct bill, or in case of the death, absence, expiration of term of office, etc., of the "judge" before the bill of exceptions is signed. Chapter 109, p. 1027, of the Code of 1907, has no application to this case, as the right of appeal given by section 4866 is from a final judgment of any circuit court or court exercising jurisdiction of such court, and section 4867 provides for bill of exceptions only in cases covered by the preceding section.

[3] "The supervisory power of a superior over an inferior legal tribunal by means of a common-law writ of certiorari extends only to questions touching the jurisdiction of the subordinate tribunal and the legality of its proceedings. The appropriate office of the writ is to correct errors of law apparent on the face of the record. Conclusions of fact cannot be reviewed, unless specially authorized by statute. The trial is not de novo but on the record; and the only matter to be determined is the quashing or the affirmation of the proceedings brought up for review." The foregoing rule has also been adhered to by this court in dealing with petitions for certiorari to the Court of Appeals. Postal Telegraph Co. v. Minderhout, 195 Ala. 420, 71 South. 91, and cases there cited and collected. The petition in the present case does not present for review any question touching the jurisdiction of the Public Service Commission or the legality of its proceedings as apparent upon the face of the record, but seeks to review or revise the conclusion reached upon the facts, and which cannot be reviewed upon common-law certiorari. Camden v. Bloch, 65 Ala. 239; Miller v. Jones, 80 Ala. 89; Independent Pub. Co. v. American Press, 102 Ala. 475, 15 South. 947; Ex parte Dickens, 162 Ala. 272, 50 South. 218, and cases there cited. The cases cited and relied upon by counsel do not authorize a trial de novo or a review of the facts by common-law certiorari, and in no wise conflict with the authorities cited in this opinion. The case of Ex parte Buckley, 53 Ala. 42, being the principal case relied upon by counsel, is not opposed to the present holding, as that case was decided entirely upon a question of law; that is, whether or not the act upon which the chancellor proceeded was constitutional, and whether or not it was applicable to officers who had been previously elected and had made bond prior to the enactment thereof; the court holding that it did, and that the chancellor had jurisdiction and authority to require additional bonds. It is true there is a statement in the opinion that—

"The adverse parties having appeared and the application being accompanied with full transcript of the proceedings before the chancellor, the argument was directed to the various matters which we suppose would be assigned as error if the writ had been issued and due return made of it. On these matters an adjudication as final and conclusive may now be pronounced as if the parties had pursued a more formal course of practice."

As we construe this opinion, the court, in effect, declined to issue the writ or rule nisi because the petition showed that the chancellor had jurisdiction and authority to do what he did, and that there was no error of law apparent upon the record; but merely intended, in addition thereto, to suggest that even upon the facts disclosed by the transcript it would do no good to issue the rule, as it could serve no useful purpose. We do not understand this case as holding that the proceedings of the inferior tribunal can or should be reviewed by the Supreme Court upon a question of fact, and if it does so hold it is out of line with scores of cases in this state to the contrary, and has been in effect overruled.

[4] Moreover, if this petition disclosed a proper case for the granting of a common-law writ of certiorari, it should first have been addressed to the circuit court, and not to this court originally. Ex parte Davis, 170 Ala. 114, 54 South. 164.

The application for the writ is denied.

ANDERSON, C. J., and McCLELLAN, SAYRE, and GARDNER, JJ.