EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a habeas corpus case concerning the validity of a juvenile court judgment and the custody of two minor children.
On April 18, 1980, the paternal grandmother instituted dependent children proceedings in the juvenile court. The mother of the children, on October 24, 1980, filed these proceedings in the circuit court contending for their custody and seeking that a writ of habeas corpus, directed to the judge of the juvenile court and to the grandmother, should be issued for various alleged reasons, including the following:
(a) The issuance of the initial complaint was done by the juvenile judge without proceeding through an intake officer.
(b) The juvenile court did not hold a hearing within 72 hours of the filing of the dependency petition or complaint.
*1041 (c) The Department of Pensions and Security was not notified when the dependency petition was filed.
(d) The placement of the children violated § 12-15-61, Code (1975).
(e) The grandmother was not exercising control of the children.
(f) The juvenile court had not acted upon motions of the mother nor had it rendered a final judgment in the case.
The defendant’s answers were several in nature, but included a response that the juvenile judge rendered a final judgment on December 5, 1980, which was adverse to the mother, and that the remedy of the mother was by appeal, not by habeas corpus.
Even if we accept as true the alleged violations of the code and/or various rules, the matters complained of were procedural violations of such a nature that they did not render the final judgment of the juvenile court to be void. All such issues could and should have been raised by appeal not by habeas corpus. In that regard, we are not apprised by the record as to whether or not an appeal was taken by the mother from the final judgment of the juvenile court to the circuit court. Habeas corpus may not be utilized as a substitute for an appeal. 11 Ala.Digest, Habeas Corpus key 4.
The circuit court entered its judgment on December 30,1980, after an ore tenus hearing on December 11, 1980.
At the conclusion of that hearing, the trial court aptly called attention to the fact that these particular proceedings had a dual nature since they, first, attacked the judgment of the juvenile court and, second, sought custody of the children. The court stated that it would then rule only on the procedural aspects concerning the validity of the juvenile judgment, but that, as to the child custody aspect, the case would be continued to a later date for a full evidentiary hearing thereon. Accordingly, the December 30 judgment denied the petition for a writ of habeas corpus, ordered that the December 5 judgment of the juvenile court “remain in full force and effect pending a final hearing on the merits of this cause” (emphasis supplied), and required the Department of Pensions and Security to make an immediate investigation of the homes of the mother, father and grandmother, and that they make an immediate report to the trial court.
Therefore, the judgment in this case is not final, and it will not support this appeal, which must be dismissed. Goza v. Everett, 365 So.2d 658 (Ala.1978); A.R.C.P., rule 54(b).
It is only out of deference to learned counsel for the mother, and in order to possibly prevent another appeal on those issues, that we responded by dicta to her contentions pertaining to that aspect of the case decided by the circuit court concerning the validity of the judgment of the juvenile court.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code (1975) and this opinion is hereby adopted as that of the court.
APPEAL DISMISSED.
All the Judges concur.