PARKER, Retired Circuit Judge.
This is an appeal from denial of a writ of habeas corpus for custody of a child under Parental Kidnapping Prevention Act of 1980, 28 U.S.C. § 1738A, and the Uniform Child Custody Jurisdiction Act, § 30-3-20 to 46, Code of Alabama 1975.
The record reveals Gregory Ryan Johnston was born in Tuscaloosa County, Alabama, on July 24, 1980, and in 1981 he and his parents moved to the State of Texas where the parents were divorced by judgment dated January 12,1982. In that judgment Susan Johnston was given custody of Gregory Ryan Johnston with certain visitation rights given to Gregory A. Johnston, with periodic support payments required. In September 1982, Gregory A. Johnston returned to Tuscaloosa, Alabama, and by agreement Gregory Ryan Johnston accompanied him. On November 10, 1982, a change of custody motion was filed but was dismissed on December 6, 1982, for lack of jurisdiction. On March 2, 1983, Gregory A. Johnston again filed a change of custody motion, and on that date a temporary order of custody was granted to him by the court. A copy of this order and one of the motion were served on Susan Johnston on March 16, 1983, by registered mail. A plea to the jurisdiction was filed on March 30, 1983, and hearing was held on April 18,1983. On June 9,1983, the trial court held that it had jurisdiction over the case and set the trial, at the convenience of appellant, on August 15,1983. On August 2,1983, appellant filed for a writ of habeas corpus, which was heard on August 11, 1983, and denied. From that ruling she appeals.
Appellant claims the trial court erred in failing to issue the writ of habeas corpus as the ex parte custody order rendered on March 2, 1983, was without notice to her as required by § 30-3-24 of the Code. Appellant cites Wyatt v. Falhsing, 396 So.2d 1069 (Ala.Civ.App.1981), which states that procedural due process should be scrupulously observed by perfecting service of pleadings and of reasonable notice of setting of the matter for trial.
Appellee moves to dismiss the appeal as the denial of the writ of habeas corpus was not an appealable order.
The order granting temporary custody of the child to Gregory A. Johnston was an interlocutory order pending a hearing on the merits of the motion to modify. The trial court, in June, held that it had jurisdiction over the parties and issues and set the case for trial on August 15, 1983.
The review of an interlocutory ruling is by mandamus. Ex parte Cairns, 209 Ala. 358, 96 So. 246 (1923); Collier v. Collier, 57 Ala.App. 208, 326 So.2d 769 (1976). The appellant chose to file for a writ of habeas corpus. The order denying the writ is not a final appealable order under Rule 54(b), A.R.Civ.P. As stated in Morgan v. Black, 402 So.2d 1040 (Ala.Civ.App.1981), “[Hjabeas corpus may not be utilized as a substitute for an appeal.”
“Even if we accept as true the alleged violations of the code and/or various rules, the matters complained of were procedural violations of such a nature that they did not render the final judgment of the juvenile court to be void. All such issues could and should have been raised by appeal not by habeas corpus.”
Id. at 1041.
The judgment in this case is not final and will not support this appeal. Goza v. Everett, 365 So.2d 658 (Ala.1978).
*1114 The appellant’s request for attorney’s fee . on appeal is denied.
APPEAL DISMISSED.
All the Judges concur.