YATES, Judge.
R.D.P. appeals from the circuit court’s dismissal of his petition for a writ of habeas corpus. We affirm.
*1030 On July 21, 1993, the juvenile court entered an order declaring R.D.P. delinquent, recommending that he be placed in a sexual offender program, and transferring his custody from the Department of Human Resources (“DHR”) to the Alabama Department of Youth Services (“Youth Services”).
On March 3, 1994, Youth Services petitioned the juvenile court to commit R.D.P. to the custody of the Alabama Department of Mental Health and Mental Retardation (“Mental Health Department”), stating that R.D.P. was mentally ill and that he posed a “real and present threat of substantial harm to himself and others.” On March 23, 1994, the juvenile court ordered that R.D.P. be examined by the Mental Health Department.
After examining R.D.P., the Mental Health Department informed the juvenile court that “in view of the diagnosis of pedophilia, it is recommended by [his] treatment team that he should be enrolled in a treatment program for this disorder.” The treatment team also determined that R.D.P. did not need further hospitalization in an acute care psychiatric facility and recommended that he continue in a residential setting to learn more appropriate behavior before his release into the community.
On May 25, 1994, Youth Services petitioned the juvenile court to release R.D.P. from its custody, stating that R.D.P. had substantially completed his service plan with Youth Services. On June 13, 1994, the juvenile court notified DHR of the need for a multi-needs [1] assessment of R.D.P. On June 15, 1994, the Houston County Service Facilitation Team issued a report with the following recommendations:
“The team encourages [DHR] to request an immediate hearing in order to advise the court that our county doesn’t have an appropriate placement for this child.
“... Based on the fact that [he] will soon be 19 years old and has a history of pedophilia, our team strongly urges that he be placed in an adult facility_ Placing [him] in a juvenile facility or in any location where he might have access to younger children would be setting him up for failure and would be placing other children at high risk for sexual abuse. Utilizing any placement which can not provide 24 hour a day supervision would be placing the community at risk.”
On August 4, 1994, the juvenile court found R.D.P. to be a multiple needs child and referred his case to the State Facilitation Team. It further ordered that R.D.P. “remains in physical custody of [Youth Services] with status quo to be maintained until further information and recommendation is available for the Court.”
On August 10, 1994, R.D.P. petitioned the circuit court for a writ of habeas corpus, alleging that he was due to be released from the custody of Youth Services. The next day, the circuit court entered an order stating:
“I have considered the petition for writ of habeas corpus and decline to issue it at this time. I have granted the petitioner 7 days to show cause of record why I should not dismiss this petition or transfer it to the juvenile court. On the face of the pleading, the cause of detention is a juvenile court order revisable on appeal or by supervisory writ only through the appropriate appellate court.”
(Emphasis in original.) R.D.P. filed a response, relying on § 12-15-120(a), Ala.Code 1975.[2] On August 18, 1994, the circuit court dismissed the petition for lack of subject matter jurisdiction, finding R.D.P.’s reliance on § 12-15-120(a) “to be misplaced, in that our appellate courts have determined that *1031 the Alabama Supreme Court has supplanted this subsection by adopting Rule 28,” Ala. R.Juv.P.
R.D.P. appeals, contending that a juvenile who alleges that he is being wrongfully detained in a juvenile detention facility by an order of the juvenile court may petition the circuit court for a writ of habeas corpus. He argues that the disposition ordered by the juvenile court was not authorized under § 12-15-71, Ala.Code 1975; that he was entitled to petition the circuit court for relief from that order; and that the circuit court, and not this court, had jurisdiction to grant his petition.
Pursuant to § 12-15-71(c)(3)a. and b., Ala. Code 1975:
“If a child is found to be delinquent or in need of supervision, the court may ...
[[Image here]]
“(3) Transfer legal custody to ...
“a. The department of youth services, with or without a commitment order to a specific institution; [or]
“b. In the case of a child in need of supervision, the department of youth services or the department of human resources.”
The multi-needs assessment report indicated that R.D.P. required substantial supervision; the juvenile court complied with § 12-15-71 in requiring that Youth Services maintain custody.
This court, in Wright v. Montgomery County Dep’t of Pensions & Security, 423 So.2d 256 (Ala.Civ.App.1982), determined that Rule 28, Ala.R.Juv.P., supersedes § 12-15-120 and that it now governs appeals from the juvenile court. Rule 28(A)(1) provides: “Appeals from final orders, judgments or decrees of the juvenile court shall be to the appropriate appellate court....”
In a habeas corpus case concerning alleged procedural violations of dependent children proceedings in juvenile court, this court stated, “All such issues could and should have been raised by appeal, not by habeas corpus .... Habeas corpus may not be utilized as a substitute for an appeal.” Morgan v. Black, 402 So.2d 1040, 1041 (Ala.Civ.App.1981).
R.D.P. should have appealed the order of the juvenile court to this court pursuant to Rule 28, or petitioned the juvenile court for a writ of habeas corpus. For the foregoing reasons, we affirm the circuit court’s dismissal of R.D.P.’s petition for a writ of habeas corpus.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.

. Section 12-15-1(19), Ala.Code 1975, defines a “multiple needs child” as “A child coming to the attention of the court ... who is at imminent risk of out-of-home placement or a placement in a more restrictive environment, as a result of the conditions of emotional disturbance, behavior disorder, mental retardation, mental illness, ... lack of supervision, delinquency ..., or any combination thereof, and whose needs require the services of two or more of the following entities: Department of Youth Services ..., Department of Human Resources ..., or Department of Mental Health and Mental Retardation.”

. Section 12-15-120(a), Ala.Code 1975, states that "[a]n aggrieved party, ... except in criminal cases, delinquency cases and in need of supervision cases, may appeal from a final order, judgment or decree of the juvenile court to the circuit court....”