This case involves a second lawsuit arising out of the facts and circumstances that led to this court's decision inF.G.W. v. S.W., 911 So.2d 1 (Ala.Civ.App. 2004) (plurality opinion). G.W. was the appellant in F.G.W.
The appeal in F.G.W. concerned a dependency proceeding, see Ala. Code 1975, § 12-15-1 et seq., that was initiated in July 2003 by the paternal grandparents of G.W.'s two sons. The sons were born in April 1991 and December 1994, respectively. The paternal grandparents sought custody of the sons after the June 2003 death of A.W., G.W.'s 21-month-old daughter. This court affirmed the judgment of the Coffee Juvenile Court awarding custody of G.W.'s two sons to the paternal grandparents. See F.G.W.,911 So.2d at 5.[1]
While the dependency proceeding at issue in F.G.W.
was pending in the juvenile court, the Dale County Department of Human Resources ("the Dale County DHR") initiated child-abuse/neglect investigations against G.W., who was married, and her paramour, who had physically abused A.W. in a manner that caused her death. After its investigation, the Dale County DHR concluded that the child-abuse allegation against G.W.'s paramour was "indicated" and that an allegation that G.W. posed "a risk of serious harm" to her sons was also "indicated." See Ala. Code 1975, § 26-14-8(a)(1) (defining "indicated" as used in the statewide central registry); Ala. Admin. Code (DHR), Rule 660-5-34-.06Q).
In August 2003, the Dale County DHR informed G.W. of its investigative findings and that an "indicated" entry would be made as to G.W. in the statewide central registry for reports of child abuse and *Page 933 
neglect. The central registry is maintained by the State Department of Human Resources ("the State DHR"). See
Ala. Code 1975, § 26-14-8; Ala. Admin. Code (DHR), Rule660-5-34-.08(1). The Dale County DHR also informed G.W. that she had 10 days to request an administrative record review by the State DHR. See Ala. Admin. Code (DHR), Rule660-5-34-.07 (describing, in part, the right to an administrative record review after an "indicated" finding of abuse or neglect). G.W. requested the administrative record review.
On October 29, 2003, the State DHR informed G.W. by letter as follows:
 "We have completed our administrative record review on the above noted case. It has been determined that the [Dale] County [DHR] does have enough credible evidence to support a dispositional finding of `indicated' i.e. true.
 "This report will be entered into the [State DHR's] Central Registry on Child Abuse and Neglect as an `indicated' incident."
On January 16, 2004, G.W. initiated the present action by filing a pleading titled "Appeal Trial De Novo" in the Coffee Circuit Court. Based on a review of this "Appeal," the certificate of service attached to the "Appeal," the summons issued in conjunction with it, and other materials in the record, it appears that G.W. filed her "Appeal" against both the Dale County DHR, which investigated the allegations of abuse or neglect against G.W., and the State DHR, which conducted the administrative record review and entered the report as to G.W. on the central registry. In her "Appeal," G.W. asserted that the State DHR should have provided her with an administrative hearing at which she could have contested the evidence that allegedly supported the Dale County DHR's investigative finding. Based on later filings with the Coffee Circuit Court, G.W. argued that provisions of the Alabama Administrative Procedure Act, Ala. Code 1975, § 41-22-1 et seq. ("the AAPA"), and the Child Abuse Reporting Act, Ala. Code 1975, § 26-14-1 et seq., required that she be given an administrative hearing and she asserted that she was pursuing her "Appeal" pursuant to the AAPA.
The Coffee Circuit Court concluded that G.W. had no right to an administrative hearing under either the AAPA or the Child Abuse Reporting Act and that she had no right to an appeal under the AAPA. Instead, it concluded that G.W.'s "Appeal" should be treated as a petition for a common-law writ of certiorari.[2] On July 20, 2004, the Coffee Circuit Court transferred the proceedings to the Dale Circuit Court, which the Dale County DHR argued was the appropriate venue for hearing a petition for a common-law writ of certiorari.
After G.W.'s "Appeal" was transferred to the Dale Circuit Court, she filed an "Amended Petition for Common Law Writ of Certiorari." In substance, the petition restated the allegations contained in G.W.'s "Appeal," i.e., that the State DHR should have provided her with an administrative hearing at which she could have introduced evidence and contested the Dale County DHR's investigative finding. Notwithstanding the use of the term "certiorari" in the title of her petition, G.W. continued to maintain in subsequent filings with the Dale Circuit Court that the AAPA and the Child Abuse Reporting Act required the State DHR to provide her with *Page 934 
an administrative hearing and that she was entitled to appeal pursuant to AAPA.[3]
In August 2005, after reviewing the record from the administrative record review as to G.W., and after hearing arguments of the parties, the Dale Circuit Court entered a judgment denying G.W.'s petition and affirming the State DHR's decision as to G.W. G.W. appealed to the Alabama Supreme Court. The Supreme Court transferred G.W.'s appeal to this Court on jurisdictional grounds.
G.W. argues that the Dale Circuit Court erred when it failed to require the State DHR to provide her with an administrative hearing at which she could contest the investigative findings of the Dale County DHR.[4] However, we are unable to address the merits of G.W.'s argument because the Dale Circuit Court's judgment is void and will not support an appeal.
The issue of subject-matter jurisdiction is "`of such magnitude that we take notice of [it] at any time and do so even exmero motu.'" Wallace v. Tee Jays Mfg.Co., 689 So.2d 210, 211 (Ala.Civ.App. 1997) (quotingNunn v. Baker, 518 So.2d 711, 712 (Ala. 1987)). "We are obliged to recognize an absence of subject-matter jurisdiction obvious from a record, petition, or exhibits to a petition before us." Ex parte Norfolk S. Ry. Co.,816 So.2d 469, 472 (Ala. 2001). A judgment entered by a court that lacks subject-matter jurisdiction is void. See C.J.L. v.M.W.B., 868 So.2d 451, 454 (Ala.Civ.App. 2003).
The common-law writ of certiorari is a remedial writ invoking the "`supervisory power of a superior over an inferior legal tribunal.'" City of Birmingham *Page 935 v. Southern Bell Tel. Tel. Co., 203 Ala. 251,252, 82 So. 519, 520 (1919). The writ can, under appropriate circumstances, be used to review decisions of an administrative agency or board that are judicial or quasi-judicial in nature. See State v. Albritton,251 Ala. 422, 37 So.2d 640 (1948). However, the court entertaining a petition for a common-law writ of certiorari must be a court of superior jurisdiction to the inferior tribunal at issue.See, e.g., Ex parte Alabama Textile Prods. Corp.,242 Ala. 609, 7 So.2d 303 (1942).
In Ex parte Alabama Textile Products Corp., our Supreme Court addressed the issue whether, in the context of a commonlaw petition for a writ of certiorari, "a board of statewide jurisdiction, not limited to any county ordistrict in its field of operation, is . . . an inferior jurisdiction to the circuit court with a field of operation limited to a circuit." 242 Ala. at 613, 7 So.2d at 305
(emphasis added). The Supreme Court stated:
 "[W]e have sustained the power of a circuit court to review by certiorari the ruling of a state board or commission (Alabama Power Co. v. City of Fort Payne, [237 Ala. 459, 187 So. 632
(1939) ]), and have recognized the right of such court to issue mandamus to it in a proper case . . ., when the circuit court doing so had original jurisdiction in the county where such board or commission had its principal place of business, though we did not emphasize that as the reason for doing so. We do not doubt that the Circuit Court of Montgomery County would have power to give such review to the order here in question [where the board at issue was of statewide jurisdiction and had its principal place of business in Montgomery County], but we do doubt such authority of the circuit court of a county in which it did not sit, to hear the matter in controversy."
Ex parte Alabama Textile Prods. Corp.,242 Ala, at 613, 7 So.2d at 306. The Supreme Court has further stated that "rather than being subject to supervision of the circuit court of any circuit in which it carries on activities, a state board or commission is only subject to review by remedial writ from the circuit court where its principal place of business is located." Alabama State Bar v. Simpson,289 Ala. 735, 738, 272 So.2d 245, 247-48 (1972); see also AlabamaState Bar v. Watson, 289 Ala. 729, 272 So.2d 240 (1972); and Brogden v. Employees' Retirement Sys.,336 So.2d 1376 (Ala.Civ.App. 1976).
The State DHR is a department of statewide jurisdiction.See Ala. Code 1975, § 38-2-1 et seq. Its principal office is located in Montgomery County. Ala. Admin. Code (DHR), Rule 660-1-1-.01(1)(a). The Dale Circuit Court had no jurisdiction to entertain a supervisory remedial writ as to the State DHR, i.e., G.W.'s petition for a writ of common-law certiorari as to the State DHR.[5]
Based on the foregoing, the Dale Circuit Court's judgment as to G.W.'s petition for *Page 936 
a common-law writ of certiorari is void, and the judgment will not support an appeal. We must therefore dismiss G.W.'s appeal.
APPEAL DISMISSED.
CRAWLEY, P.J., and THOMPSON, PITTMAN, and BRYAN, JJ., concur.
[1] On January 14, 2005, this court denied G.W.'s petition for a rehearing as to the opinion in F.G.W. G.W. then filed a petition for certiorari review with the Alabama Supreme Court, which was denied.
[2] See, e.g., Fowler v. Fowler, 219 Ala. 457,458, 122 So. 444, 444 (1929) (noting that appellate relief by way of a common-law writ of certiorari may be available, in an appropriate case, when there is no adequate remedy by appeal).
[3] In March 2004, during the pendency of the present case, the Coffee Juvenile Court conducted the trial inF.G.W. Neither the Dale County DHR nor the State DHR were parties in F.G.W. Also, there is nothing from our opinion in F.G.W., or from the record in the present case, to indicate that the central-registry report at issue was received as evidence at trial in F.G.W. We did note in F.G.W. that G.W. admitted that DHR had "marked" her child-abuse report as "indicated." 911 So.2d at 3.
[4] G.W.'s appellate brief is unclear in several respects. Considering G.W.'s arguments as a whole, we cannot conclude that she has argued that the circuit court erred by treating her "Appeal" as a petition for a common-law writ of certiorari rather than as an appeal under the AAPA. See Rule 28(a)(10), Ala. R.App. P. "[I]t is not the function of this Court to do a party's legal research or to make and address legal arguments for a party based on undelineated general propositions not supported by sufficient authority or argument." Dykes v. Lane Trucking, Inc.,652 So.2d 248, 251 (Ala. 1994). Further, even if G.W.'s appeal properly could have been filed pursuant to the AAPA, it would not have been timely filed. See Ala. Code 1975, §41-22-20(d) ("The notice of appeal . . . shall be filed within 30 days after receipt of the notice or other service of the final decision of the agency upon the petitioner."); StateMedicaid Agency v. Anthony, 528 So.2d 326, 328
(Ala.Civ.App. 1988).
In addition, it is unclear whether G.W. is arguing in her appellate brief that the circuit court erred by not conducting a de novo hearing. However, even if we were to conclude that G.W. makes that argument in her appellate brief, she cited no legal authority for this proposition. See Rule 28(a)(10); and Dykes, supra. We further note that
 "`[a] common-law writ of certiorari extends only to questions touching the jurisdiction of the subordinate tribunal and the legality of its proceedings. The appropriate office of the writ is to correct errors of law apparent on the face of the record. Conclusions of fact cannot be reviewed, unless specially authorized by statute. The trial is not de novo but on the record; and the only matter to be determined is the quashing or the affirmation of the proceedings brought up for review.'"
City of Birmingham v. Southern Bell Tel. Tel. Co., 203 Ala. 251, 252, 82 So. 519, 520 (1919).
[5] To the extent that G.W.'s brief might be construed as arguing that the Dale County DHR was required to provide her with an administrative hearing, we note that the relief G.W. sought at trial, and that she seeks on appeal, relates to review proceedings conducted by the State DHR and to the entry of her name on the "central registry" for reports of child abuse or neglect. The central registry is maintained by the State DHR, not the Dale County DHR. See
Ala. Code 1975, § 26 14-8; and Ala. Admin. Code (DHR), Rule660-5-34-.08(1). G.W. has not argued, and has not cited any legal authority to support an argument, that a county department of human resources must provide an administrative hearing to review its own child-abuse or neglect investigation when the supervising state agency's review procedures are allegedly deficient. See Dykes, supra.