SHAW, Judge,
concurring specially.
I agree with the majority that although Frank Patzka’s petition is styled as a petition for a writ of habeas corpus, because the claim he is asserting does not implicate a liberty interest, Patzka’s petition is actually a common-law petition for a writ of certiorari.[1] I also agree, albeit reluctantly, that this Court must transfer this case-back to the St. Clair Circuit Court for it to transfer Patzka’s petition to the Montgomery Circuit Court.
In G.W. v. Dale County Department of Human Resources, 939 So.2d 931 (Ala.Civ.App.2006), the Alabama Court of Civil Appeals explained:
“G.W. argues that the Dale Circuit Court erred when it failed to require the State DHR to provide her with an administrative hearing at which she could contest the investigative findings of the Dale County DHR. However, we are unable to address the merits of G.W.’s argument because the Dale Circuit Court’s judgment is void and will not support an appeal.
“The issue of subject-matter jurisdiction is ‘ “of such magnitude that we take notice of [it] at any time and do so even ex mero motu.” ’ Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997) (quoting Nunn v, Baker, 518 So.2d 711, 712 (Ala.1987)). ‘We are obliged to recognize an absence of subject-matter jurisdiction obvious from a record, petition, or exhibits to a petition before us.’ Ex parte Norfolk S. Ry. Co., 816 So.2d 469, 472 (Ala.2001). A judgment entered by a court that lacks subject-matter jurisdiction is void. See C.J.L. v. M.W.B., 868 So.2d 451, 454 (Ala.Civ.App.2003).
“The common-law writ of certiorari is a remedial writ invoking the ‘ “supervisory power of a superior over an inferior legal tribunal.” ’ City of Birmingham v. Southern Bell Tel. & Tel. Co., 203 Ala. 251, 252, 82 So. 519, 520 (1919). The writ can, under appropriate circumstances, be used to review decisions of an administrative agency or board that are judicial or quasi-judicial in nature. See State v. Albritton, 251 Ala. 422, 37 So.2d 640 (1948). However, the court entertaining a petition for a common-law writ of. certiorari must be a court of superior jurisdiction to the inferior tribunal at issue. See, e.g., Ex parte Alabama Textile Prods. Corp., 242 Ala. 609, 7 So.2d 303 (1942).
“In Ex parte Alabama Textile Products Corp., our Supreme Court addressed the issue whether, in the context of a common-law petition for a writ of certiorari, ‘a board of state-wide jurisdiction, not limited to any county or district in its field of operation, is ... an inferior jurisdiction to the circuit court with a field of operation limited to a circuit.’ 242 Ala. at 613, 7 So.2d at 305 (emphasis added). The Supreme Court stated:
“ ‘[W]e have sustained the power of a circuit court to review by certiorari the ruling of a state board or commission (Alabama Power Co. v. City of Fort Payne, [237 Ala. 459, 187 So. 632 (1939) ]), and have recognized the right of such court to issue mandamus to it in a proper case ..., when the circuit court doing so had original jurisdiction in the county where such *573 board or commission had its principal place of business, though we did not emphasize that as the reason for doing so. We do not doubt that the Circuit Court of Montgomery County would have power to give such review to the order here in question [where the board at issue was of statewide jurisdiction and had its principal place of business in Montgomery County], but we do doubt such authority of the circuit court of a county in which it did not sit, to hear the matter in controversy.’
“Ex parte Alabama Textile Prods. Corp., 242 Ala. at 613, 7 So.2d at 306. The Supreme Court has further stated that ‘rather than being subject to supervision of the circuit court of any circuit in which it carries on activities, a state board or commission is only subject to review by remedial writ from the circuit court where its principal place of business is located.’ Alabama State Bar v. Simpson, 289 Ala. 735, 738, 272 So.2d 245, 247-48 (1972); see also Alabama State Bar v. Watson, 289 Ala. 729, 272 So.2d 240 (1972); and Brogden v. Employees’ Retirement Sys., 336 So.2d 1376 (Ala.Civ.App.1976).
“The State DHR is a department of statewide jurisdiction. See Ala.Code 1975, § 38-2-1 et seq. Its principal office is located in Montgomery County. Ala. Admin. Code (DHR), Rule 660-1-1-.01(l)(a). The Dale Circuit Court had no jurisdiction to entertain a supervisory remedial writ as to the State DHR, i.e., G.W.’s petition for a writ of common-law certiorari as to the State DHR.”
939 So.2d at 934-35 (footnotes omitted).
I question the continuing validity of the Alabama Supreme Court cases relied on by the Court of Civil Appeals, i.e., Alabama State Bar v. Simpson, 289 Ala. 735, 272 So.2d 245 (1972), Alabama State Bar v. Watson, 289 Ala. 729, 272 So.2d 240 (1972), and Ex parte Alabama Textile Prods. Corp., 242 Ala. 609, 7 So.2d 303 (1942), in light of the Supreme Court’s recent and more restrictive view of jurisdiction. See, e.g., Ex parte Bell, 978 So.2d 33 (Ala.2007); Ex parte Culbreth, 966 So.2d 910 (Ala.2006); and Ex parte Seymour, 946 So.2d 536 (Ala.2006). In his dissent in Alabama State Bar v. Watson, Justice Coleman noted:
“On reading the opinion of the majority, it seems to me that the ‘venue’ of the suit for prohibition against appellant did not properly lie in Madison County. I am inclined to agree that on proper objection, the suit should not have been entertained in Madison County, but should have been transferred to Montgomery County Circuit Court. 1958 Recompiled Code of 1940; Pocket Parts, Title 7, §§ 64(1), 64(2).
“ ‘... Generally jurisdiction and venue are separate and distinct. Pepperell Mfg. Co. v. Alabama National Bank, 261 Ala. 665, 75 So.2d 665 [ (1954) ] ... ’ Associated Grocers of Alabama v. Graves Co., 272 Ala. 158, 160, 130 So.2d 17, 19 [ (1961) ].
“ ‘The problems presented call for a proper understanding of the oft-confused and loosely-used terms “jurisdiction” and “venue.” The term “jurisdiction” is used in several senses, but in its general and ordinary use, it means the power lawfully conferred on a court to entertain a suit or proceeding, consider the merits, and render a binding decision thereon. “Venue” refers to the particular county or other subdivision in which, for the sake of convenience or other commanding policy considerations, the cause is to be heard or tried. Industrial Addition Ass’n v. Commissioner, 194[5], 323 U.S. 310, 65 S.Ct. 289, 89 *574 L.Ed. 260; 14 Am.Jur., Courts, § 160; 56 Am.Jur., Venue, § 2.’ Pepperell Mfg. Co. v. Alabama National Bank, 261 Ala. 665, 667, 75 So.2d 665, 667 [ (1954) ].
“ ‘A plea to the venue may be waived. A plea to the “jurisdiction” should be filed before a general appearance or there is a tacit admission that the court has a right to judge. W.S. Fowler Rental Equipment Co. v. Skipper, 276 Ala. 593, 597, 165 So.2d 375 [ (1964) ].’ Ex panic Dothanu-Houston County Airport Auth., 282 Ala. 316, 321, 211 So.2d 451, 455 [(1968) ].
“ ‘The terms “jurisdiction” and “venue” are often confused and loosely used. In its pure sense “jurisdiction” means the power of a court to entertain and consider a cause, and render a binding judgment therein. “Venue” refers to the court in which for the sake of convenience or policy considerations the cause is to be tried. Pepperell Mfg. Co. v. Alabama National Bank, 261 Ala. 665, 75 So.2d 665 [ (1954) ].’ Ex pante Western Railway of Alabama, 283 Ala. 6, 10, 214 So.2d 284, 287 [ (1968) ].
“See also: McKinney v. Low, 1 Porter 129 [ (Ala.1834) ]; Thompson v. Union Springs Guano Co., 202 Ala. 327, 80 So. 409 [ (1918) ]; Brown v. Alabama, Chemical Co., 207 Ala. 215, 92 So. 260 [ (1922) ]; McCord v. Harrison & Stringer, 207 Ala. 480, 93 So. 428 [ (1922) ]; Hallmark v. Va. Bnidge Co., 241 Ala. 283, 2 So.2d 447 [(1941)]; Jones v. Phenix-Girard Bank, 255 Ala. 51, 50 So.2d 1 [ (1951) ]; Ex parte Moss, 278 Ala. 628, 179 So.2d 753 [(1965)].
“It thus seems to me that the difference between jurisdiction and venue would require recognition here.
“I am of opinion that the majority have not, in the instant case, recognized the difference between jurisdiction and venue. In the instant case, I submit that the Circuit Court of Madison County does have ‘jurisdiction’ of the subject matter and the parties, but, the venue of the suit does not lie in Madison County.
“On proper objection to the venue, the Madison County Court should have sustained objection to the venue and transferred the case to the Montgomery County Circuit Court.
“As I understand the record, the Commissioners of the State Bar did make objection to the venue, but the trial court overruled the objection. Appellant, however, did not assign such ruling for error or argue such assignment in brief. In these circumstances, the error has been waived.
“Lack of jurisdiction cannot be supplied by waiver, but objection to venue can be waived. By failure to raise the point on appeal, appellant has waived the objection to venue.”
289 Ala. at 734-35, 272 So.2d at 244-45.
Justice Coleman’s dissent appeal’s to be more in line with the Supreme Court’s current view of jurisdiction and venue. However, until the Supreme Court expressly overrules its cases holding that only the circuit court in the county in which the agency or board has its principal place of business has “jurisdiction” to hear a petition for a common-law writ of certio-rari, I feel compelled to follow the Supreme Court’s decisions and view this particular defect as “jurisdictional.” I urge the Supreme Court to clarify at its earliest opportunity whether Ex parte Alabama Textile Products Corp., supra, and its progeny were erroneously decided or ef *575 fectively overruled by Ex parte Seymour, supra, and its prog'eny.

. In his petition, Patzka alleged that the parole board initially granted him parole but rescinded its decision before he was released. No liberty interest is implicated when the grant of parole is rescinded before the inmate is released. See Barnhart v. State, 686 So.2d 552 (Ala.Crim.App.1996), citing Jago v. Van Curen, 454 U.S. 14, 102 S.Ct. 31, 70 L.Ed.2d 13 (1981).