THOMAS, Judge.
This court's opinion of September 8, 2017, is withdrawn, and the following is substituted therefor.
B.J.C., the mother, and E.T.A., the father, are the parents of A.S.A-C. ("the child"). The parents filed a notice of appeal from a judgment of the Blount Circuit Court ("the circuit court"), denying a petition *706 for the writ of habeas corpus filed by the parents, who sought the return of custody of the child. The resolution of this appeal requires a recitation of the procedural history of the actions regarding the custody of the child that were filed in the circuit court and in the Blount Juvenile Court ("the juvenile court").[1]
The Blount County Department of Human Resources ("DHR") became involved with the family after receiving a report that the parents were abusing and distributing controlled substances. DHR filed a dependency petition in the juvenile court. The record contains a March 31, 2016, order in case number JU-16-78.01, in which the juvenile court awarded temporary custody of the child to DHR.[2] Nearly one year later, the parents filed a petition for a writ of habeas corpus in the circuit court, which, as amended, reads, in pertinent part:
"All of the proceedings in [the dependency action in the juvenile court] involving [the child] are void and to no effect. [The child] was a resident of Tennessee at the time [DHR filed the dependency] petition. Neither the Blount County Department of Human Resources nor the Juvenile Court of Blount County, Alabama[,] has any jurisdiction over [the child]. He has never been a resident of Alabama. [Section] 12-15-114, Ala. Code (1975)[,] does not provide such jurisdiction. Subsection (a) applies only to children who are residents or are present in the state at the time the petition is filed. [The child] is not subject to jurisdiction pursuant to the provisions of subsection (c)(1)."
The record contains a transcript of a hearing conducted by the circuit court on March 21, 2017, after which the circuit court entered a judgment denying the parent's petition for a writ of habeas corpus. The parents filed a notice of appeal of the judgment of the circuit court. "Although none of the parties has addressed the issue, this court must determine whether it has jurisdiction over this appeal. Jurisdictional matters are of such importance that a court may take notice of them ex mero motu. Nichols v. Ingram Plumbing, 710 So.2d 454 (Ala. Civ. App. 1998)." McMurphy v. East BayClothiers, 892 So.2d 395, 397 (Ala. Civ. App. 2004).
In R.D.P. v. State Department of Youth Services, 655 So.2d 1029 (Ala. Civ. App. 1995), the juvenile court in that case had entered an order adjudicating R.D.P. dependent, making certain recommendations, and awarding custody of R.D.P. to the Alabama Department of Youth Services ("Youth Services"). 655 So.2d at 1030. As R.D.P. neared the age of majority, Youth Services filed a petition in the juvenile court seeking another placement for R.D.P.; the juvenile court entered a order maintaining the status quo. Id. Rather than filing a notice of appeal, R.D.P. filed a *707 petition for the writ of habeas corpus in the Houston Circuit Court, which dismissed the action because it concluded that, pursuant to Rule 28, Ala. R. Juv. P., it lacked subject-matter jurisdiction. Id. R.D.P. filed a notice of appeal of the Houston Circuit Court's judgment to this court, contending that the Houston Circuit Court had authority to grant his petition. Id. at 1031. We affirmed the order of the Houston Circuit Court and explained:
"This court, in Wright v. Montgomery County Dep't of Pensions & Security, 423 So.2d 256 (Ala. Civ. App. 1982), determined that Rule 28, Ala. R. Juv. P., supersedes [former] § 12-15-120[, Ala. Code 1975 (amended and renumbered as § 12-15-601, Ala. Code 1975 ),] and that it now governs appeals from the juvenile court. Rule 28(A)(1) provides: 'Appeals from final orders, judgments or decrees of the juvenile court shall be to the appropriate appellate court....'
"In a habeas corpus case concerning alleged procedural violations of dependent children proceedings in juvenile court, this court stated, 'All such issues could and should have been raised by appeal, not by habeas corpus .... Habeas corpus may not be utilized as a substitute for an appeal.' Morgan v. Black, 402 So.2d 1040, 1041 (Ala. Civ. App. 1981).
"R.D.P. should have appealed the order of the juvenile court to this court pursuant to Rule 28, or petitioned the juvenile court for a writ of habeas corpus. For the foregoing reasons, we affirm the circuit court's dismissal of R.D.P.'s petition for a writ of habeas corpus."
Id. at 1031.
The parents in this case filed a petition for the writ of habeas corpus in the circuit court, alleging a procedural violation in the juvenile court. Although the parents did not file a timely appeal to this court regarding the juvenile court's March 31, 2016, order awarding temporary custody of the child to DHR, the question whether the juvenile court's order was void could have been raised in a Rule 60(b)(4), Ala. R. Civ. P., motion filed in the juvenile court. Like the circuit court in R.D.P., the circuit court in this case should have dismissed the petition for lack of subject-matter jurisdiction. Cf. R.D.P., supra. Because a judgment entered without subject-matter jurisdiction is void, Ex parte Punturo, 928 So.2d 1030, 1034 (Ala. 2002) ; G.W. v. Dale Cty. Dep't of Human Res., 939 So.2d 931, 934 (Ala. Civ. App. 2006), and because a void judgment will not support an appeal, S.B.U. v. D.G.B., 913 So.2d 452, 456 (Ala. Civ. App. 2005), we dismiss the appeal with instructions to the circuit court to set aside its void judgment. See K.R. v. D.H., 988 So.2d 1050, 1052 (Ala. Civ. App. 2008).
APPLICATION OVERRULED; OPINION OF SEPTEMBER 8, 2017, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED WITH INSTRUCTIONS.
Thompson, P.J., and Pittman, Moore, and Donaldson, JJ., concur.

The facts are gleaned from both the record in this appeal and the materials provided in relation to the parents' petition for the writ of mandamus in a case involving the same parties. See Ex parte B.J.C., 248 So.3d 988 (Ala Civ. App. 2017). "It is axiomatic that courts judicially know their own records." Lovejoy v. State, 32 Ala. App. 110, 112, 22 So.2d 532, 533 (1945).

The parents did not file a notice of appeal of the juvenile court's March 31, 2016, order.
"[A] 'temporary custody award' or a 'temporary order' as to custody is a 'final' custody award or judgment. Despite its name, a temporary order as to custody is intended to remain effective until a party seeks to modify it. It may be modified if the trial court reviews the case and determines that changed circumstances that warrant a modification have come into existence since the last custody award. [Hodge v. Steinwinder,] 919 So.2d [1179,] 1182-83 [ (Ala. Civ. App. 2005) ]. Such an award is not a pendente lite award. Id."
T.J.H. v. S.N.F., 960 So.2d 669, 672 (Ala. Civ. App. 2006).