Rel: January 17, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2024-2025

————————————

### CL-2024-0653

————————————

### P.H.

### v.

### Alabama Department of Human Resources

### Appeal from Montgomery Circuit Court
### (CV-24-900008)

MOORE, Presiding Judge.

P.H. appeals from a judgment entered by the Montgomery Circuit Court ("the circuit court"), which affirmed a finding of the Jefferson County Department of Human Resources ("the Jefferson County DHR") that P.H. was "indicated" for sexual abuse. We affirm the judgment.

Background

In 2020, the Jefferson County DHR received a report that P.H., a 16-year-old male, had been sexually abusing his two adoptive siblings, G.H., a 12-year-old male, and E.H., an 8-year-old female. Pursuant to Ala. Code 1975, § 26-14-6.1(3), the Jefferson County DHR investigated the matter. Upon completion of the investigation, the Jefferson County DHR found that P.H. was "indicated" for sexual abuse consisting of inappropriate sexual touching and indecent exposure. An "indicated" finding is made "[w]hen credible evidence and professional judgment substantiates that an alleged perpetrator is responsible for child abuse or neglect." Ala. Code 1975, § 26-14-8(a)(1). The Jefferson County DHR notified P.H. of the "indicated" finding and informed him:

> "You have the right to an administrative record review. This means that the county's written report will be reviewed by an independent panel of [Department of Human Resources] employees who are not involved in the case. The panel members will review the written report and make a final decision about whether the written report supports the finding. The panel has the authority to overturn the ... decision if the documentation does not support the findings."

P.H. requested and received an administrative-record review by the Alabama Department of Human Resources ("DHR"), which upheld the "indicated" finding and informed P.H. that "[t]his report will be entered

2

into DHR's Central Registry on Child Abuse and Neglect as an 'indicated' incident." P.H. commenced a civil action against Nancy Buckner, the commissioner of DHR, and, through a settlement of that action, DHR agreed to provide P.H. an evidentiary hearing before an administrative-law judge ("ALJ"), so that he could further challenge the "indicated" finding. As had been agreed, the parties submitted to the hearing, which was concluded when, on December 4, 2023, the ALJ issued an 11-page order affirming the "indicated" finding.

On December 13, 2023, P.H. filed a notice of appeal of the ALJ's decision with DHR, and, on January 3, 2024, he filed with the circuit court a petition for judicial review and a petition for the writ of certiorari. The circuit court reviewed the certified administrative record that had been provided by DHR and conducted oral argument before entering a final judgment on July 10, 2024, affirming the "indicated" finding. P.H. timely filed a notice of appeal.

Issue

P.H. argues that the circuit court erred in affirming the determination of DHR that P.H. was "indicated" for sexual abuse because, he says, DHR's decision was unreasonable, was arbitrary and

3

capricious, was unwarranted, and was unsupported by the evidence in the administrative record.

Standard of Review

As noted, P.H. filed in the circuit court both a petition for judicial review and a petition for the writ of certiorari. Section 41-22-20, Ala. Code 1975, authorizes an appeal from a final decision of a statewide administrative agency in a "contested case," which is defined as "[a] proceeding ... in which the legal rights, duties, or privileges of a party are required by law to be determined by an agency after an opportunity for hearing." Ala. Code 1975, § 41-22-3(3) (emphasis added).

In the context of a challenge to an "indicated" finding, DHR has a statutory duty to provide an opportunity for a hearing to a person preliminarily determined to be "indicated" for child abuse or neglect

> "who is employed by, serves as a volunteer for, holds a license
> or certificate for, or is connected with any facility, agency, or
> home which cares for and controls any children and which is
> licensed, approved, or certified by the state, operated as a
> state facility, or any public, private, or religious facility or
> agency that may be exempt from licensing procedures ...."

Ala. Code 1975, § 26-14-7.1; see also Ala. Admin. Code (Dep't of Hum. Res.), r. 660-5-34-.08(2). Alabama law does not require DHR to provide a hearing for other persons aggrieved by a preliminary "indicated"

4

finding. See Duran v. Buckner, 157 So. 3d 956, 973 (Ala. Civ. App. 2014). Pursuant to DHR's regulations, all other persons aggrieved by an "indicated" finding are entitled only to an administrative-record review. See Ala. Admin. Code (Dep't of Hum. Res.), r. 660-5-34-.08(3) ("The record review is completed to determine if the [child-abuse/neglect] assessment contains sufficient documentation based on a preponderance of credible evidence to support the 'indicated' disposition of child abuse/neglect.").

In this case, P.H. was not in the class of persons entitled to an opportunity for a hearing to contest the "indicated" finding. Consequently, although DHR voluntarily provided P.H. a hearing, the hearing was not part of a "contested case" and the final decision to affirm the "indicated" finding could not be appealed pursuant to § 41-22-20. P.H. could only obtain judicial review of the administrative order affirming the "indicated" finding through the common-law petition for the writ of certiorari. See G.W. v. Dale Cnty. Dep't of Hum. Res., 939 So. 2d 931 (Ala. Civ. App. 2006).[1]

---

[1]"When filing a common-law petition for the writ of certiorari, the petitioner had to name the lower tribunal whose record was to be examined as the sole respondent." City of Montgomery v. Ferguson, [Ms. CL-2024-0269, Sept. 27, 2024] ___ So. 3d ___, ___ (Ala. Civ. App. 2024).

In certiorari proceedings, the circuit court looks to the record to determine whether the lower tribunal had jurisdiction and exercised its jurisdiction in accordance with due process and the law. See G.W., 939 So. 2d at 934 n.4. "Questions of fact or weight or sufficiency of the evidence will not be reviewed on certiorari." Personnel Bd. of Jefferson Cnty. v. Bailey, 475 So. 2d 863, 868 (Ala. Civ. App. 1985).

> "'[T]he standard of review for certiorari limits the scope of review to questions of law and does not extend to review of the weight and preponderance of the evidence.' Parker v. Reaves, 531 So. 2d 853 (Ala. 1988). Thus, 'if there is any legal evidence to support the decision of the lower tribunal, such is conclusive on the reviewing court.' Lovelady v. Lovelady, 281 Ala. 642, 206 So. 2d 886 (1968). In other words, the only question for the reviewing court is 'whether the evidence will justify the finding [of the lower tribunal] as a legitimate inference from the facts proved regardless of whether such inference would or would not have been drawn by the appellate tribunal.' Alabama Electric Cooperative v. Alabama Power Co., 278 Ala. 123, 126, 176 So. 2d 483, 485 (1965)."

Sanders v. City of Dothan, 642 So. 2d 437, 440 (Ala. 1994). "This court's scope of appellate review is the same as that of the circuit court." Colbert Cnty. Bd. of Educ. v. Johnson, 652 So. 2d 274, 276 (Ala. Civ. App. 1994).

---

In this case, DHR was the only appropriate respondent, so we have restyled the case to reflect the proper appellee.

We therefore review the administrative record to determine whether DHR's decision was supported by any legal evidence.

Analysis

We find no need to detail the evidence in this case. The ALJ received oral testimony and exhibits showing that P.H. had sexually abused G.H. and E.H. At the hearing, P.H., who had initially denied any sexual activity amongst the siblings, admitted to the abuse and testified that he had "pleaded true" in a juvenile delinquency proceeding to the crime of sexual misconduct based on his abusive actions. That legal evidence more than amply supports DHR's determination that P.H. was "indicated" for child sexual abuse. P.H. argues, however, that DHR acted arbitrarily and irrationally by filing the "indicated" report in the child-abuse and neglect registry. We do not consider that argument to be within the scope of our review.

In the settlement agreement, P.H. and DHR agreed that DHR would provide P.H. with an evidentiary hearing regarding the disposition of the child-abuse and neglect investigation. The settlement agreement provides, in pertinent part:

> "[DHR] shall arrange for and provide an administrative hearing to [P.H.] regarding the matters asserted in the

7

'indicated' report .... Parties understand that the provision of a hearing does not necessarily mean that [P.H.] will be found 'not indicated,' but rather that an administrative law judge will hear all relevant evidence and make a final determination as to the disposition of the report."

Their agreement called for a hearing only as to whether the report should show that P.H. was "indicated" for child sexual abuse. The parties did not agree that the hearing would also address whether the report, if finally determined to be "indicated," would or would not be filed in the child-abuse and neglect registry.

Before the hearing, the ALJ ordered DHR to provide P.H. with "a short and plain statement of the matters which will be presented at the hearing." See Ala. Admin. Code (Dep't of Hum. Res.), r. 660-1-5-.21(a) (requiring DHR to provide such a statement). In compliance with that order, DHR filed a statement setting forth two issues for consideration at the hearing:

"1. Whether [P.H.] engaged in inappropriate sexual behavior with [E.H.] and [G.H.] by touching the children on their private areas ... and by exposing himself to the children throughout the Summer and Fall of 2020.

"2. Whether the conduct of [P.H.] in and around the Summer and Fall of 2020 constitutes Child Abuse -- Sexual Abuse and Sexual Molestation as defined by Ala. Code 1975, [§] 26-14-1 and Alabama Department of Human Resources

8

Administrative Code Chapter 660-5-34-.02(2)(b) and (3)(a)(8,9)."

At the commencement of the hearing, the ALJ read that statement into the record and informed P.H. that only those two issues would be considered during the hearing. P.H., who was represented by legal counsel, did not object to the ALJ's description of the scope of the proceedings.

During the hearing, P.H. submitted evidence designed to show that he had accepted responsibility for his sexual misconduct; that he had apologized to G.H. and E.H., who had forgiven him; that he had completed all steps necessary to fulfill the terms of his probation; that he had been exempted by the juvenile-court judge who had overseen his delinquency case from registering as a sex offender under the Alabama Sex Offender Registration and Community Notification Act ("the SORCNA"), Ala. Code 1975, § 15-20A-1 et seq.; that he had rehabilitated and had corrected his deviant sexual behavior; that P.H.'s therapist opined that he had only a "low" risk of reoffending; and that the family had been safely reunited. At the close of the hearing, counsel for P.H. argued that the "indicated" report should not be filed in the child-abuse and neglect registry because, he said, P.H. was no longer a danger to

9

sexually abuse children and the state had no rational basis for maintaining the report; it could unfairly jeopardize P.H.'s future employment prospects; it would allow the state to disclose P.H.'s sexual abuse even though he was exempt from the SORCNA; and it would result in an uneven application of the law because G.H., who the evidence indicated had also participated in the sexual activity, was not included in the "indicated" report due to his younger age.

In the final decision, the ALJ reiterated that the purpose of the hearing was to decide only the two issues submitted for consideration. Regarding those issues, the ALJ found that there was sufficient evidence to support the sexual-abuse allegations and that the conduct committed by P.H. met the relevant legal definitions to justify a conclusion that P.H. had sexually abused G.H. and E.H. The ALJ further concluded:

> "There is no provision of the law that permits the reversal of a valid 'indicated' finding based solely on a person's rehabilitation. Further, the evidence does not support a finding that [P.H.'s therapist's] opinion on [P.H.]'s risk of recidivism is currently valid, nor does it support a general finding that [P.H.] is unlikely to offend again.
>
> "Accordingly, the decision of [the Jefferson County DHR] to 'indicate' [P.H.] for 'Sexual Molestation' and 'Sexual Penetration' is AFFIRMED."

(Capitalization in original.) The ALJ did not address whether DHR should forgo filing the "indicated" determination in the child-abuse and neglect registry for the reasons asserted by P.H.'s counsel at the close of the hearing.

"'The appropriate office of the writ is to correct errors of law apparent on the face of the record.'" G.W., 939 So. 2d at 934 n.4 (quoting City of Birmingham v. Southern Bell Tel. & Tel. Co., 203 Ala. 251, 252, 82 So. 519, 520 (1919)). In certiorari proceedings, the reviewing court is limited "to an examination into the external validity of the proceeding had in the lower tribunal. It [could not] be exercised to review the judgment as to its intrinsic correctness, either on the law or on the facts of the case." Alabama Elec. Coop., Inc. v. Alabama Power Co., 278 Ala. 123, 126, 176 So. 2d 483, 485 (1964). The reviewing court cannot consider questions of law not adjudicated by the lower tribunal. See Cranford v. National Sur. Corp., 231 Ala. 636, 637, 166 So. 721, 721-22 (1936); City of Birmingham v. Norwood, 220 Ala. 497, 499, 126 So. 619, 621 (1930); and La Rue v. Loveman, Joseph & Loeb, 220 Ala. 2, 3, 127 So. 241, 243 (1929). "[T]he only matter to be determined is the quashing or the

affirmation of the proceedings brought up for review." <u>City of Birmingham</u>, 203 Ala. at 252, 82 So. at 520.

The ALJ properly determined that P.H. had committed unlawful acts of sexual misconduct against G.H. and E.H. that justified the "indicated" finding and that no statute or other law allows an "indicated" finding to be reversed based on the subsequent rehabilitation of the abuser. The evidence fully supports the ALJ's factual determinations and P.H. does not challenge the ALJ's legal conclusion that Alabama law does not recognize rehabilitation as a ground for reversing an "indicated" finding. Accordingly, its decision on those points was due to be affirmed, as the circuit court decided. We cannot now consider reversing the decision on the grounds raised by P.H.'s counsel at the close of the hearing before the ALJ, which were not addressed in the final decision. Therefore, we affirm the judgment of the circuit court.

AFFIRMED.

Hanson, Fridy, and Lewis, JJ., concur.

Edwards, J., concurs in the result, without opinion.

12