The plaintiff, Ralph Hulcher, brought this action in the Circuit Court of Montgomery County on September 6, 1979, alleging that he was improperly dismissed from his teaching position at John Patterson State Technical College.
Hulcher had been employed by the defendant, State Board of Education, since 1968. He began working at Southwest Technical College in Mobile, and in 1974 he was transferred under court order to Bishop State Junior College, also in Mobile. In September, 1976 Hulcher voluntarily transferred to John Patterson State Technical College in Montgomery and entered into an oral agreement to teach.
Hulcher was terminated from this position on September 30, 1979. He received notice of his termination on May 31, 1979. Hulcher then filed this action seeking an injunction, requesting reinstatement, asking that the non-renewal be declared void and praying that the court declare that he had achieved his continuing service status (tenure) because of his continuing service in excess of ten years.
After hearing the evidence ore tenus the circuit court entered judgment denying Hulcher any relief. We affirm.[1]
In 1967 the Alabama State Board of Education, in which is vested the management and control of trade schools and junior colleges, passed a resolution which adopted the Alabama Teacher Tenure Law as the Board's tenure policy for trade and technical schools.[2] That resolution's expressly *Page 1205 
stated intent was to give teachers in the State trade schools the same job security as other public school teachers and to do so under the same conditions and procedures used by the public schools.
The Alabama Teacher Tenure Law, Code of 1975, § 16-24-1 etseq., provides for system-wide tenure. Section 16-24-2 (a) reads as follows:
 Any teacher in the public schools who shall meet the following requirements shall attain continuing service status: Such teacher shall have served under contract as a teacher in the same county or city school system for three consecutive school years and shall thereafter be reemployed in such county or city school system the succeeding school year. [Emphasis added.]
In 1974 the Board passed another resolution which dealt with tenure at technical schools.[3] This resolution stated that teachers at technical schools were entitled to the same job security as other public school teachers, but it also clearly outlined the conditions and procedures to be used in the technical schools.
The threshold issue is whether the trial court erred in finding that there is no statewide system of technical/junior colleges headed by the Board of Education so that an instructor must remain in the same institution for the fourth consecutive year in order to acquire tenure.
Hulcher taught at Southwest Technical College from 1968-1974, which is clearly longer than the necessary period in which to attain tenure status. Tenure during this time necessarily would be decided pursuant to the Board's 1967 resolution. The trial court, however, found that Hulcher's employment in technical colleges other than Patterson could not be considered in establishing his tenure at Patterson since no statewide system existed. The trial court stated:
 From the undisputed testimony, including that of Mr. Reitz of the State Board, who authored many of the regulations discussed above, the tenure policy applicable to the trade schools had never and was never intended to apply on a statewide basis and to acquire tenure an instructor had to remain in the same institution for the fourth consecutive year.
The evidence at trial was heard ore tenus. Thus there is a presumption of correctness in the trial court's findings of fact which will not be disturbed on appeal unless they are palpably wrong or manifestly unjust. Searcy v. Cain, Ala.,355 So.2d 347 (1978).
Whether the State Board of Education operated the technical colleges in this state as one system is a question of fact; therefore, our review of this issue is that which applies inore tenus cases.
Mr. Reitz had been employed by Post-Secondary Education Services of the Department of Education since 1972. At the *Page 1206 
trial he testified that he was familiar with the policies, rules, and regulations governing the technical schools and that he was not aware of any approach (by the Board) toward system-wide tenure. The plaintiff objected to Mr. Reitz's testimony on the ground that he was not shown to be an expert and thus should not be permitted to give his opinion on whether or not the Board had established tenure on a statewide basis.
Without belaboring the evidence, it is sufficient to state that the record discloses significant educational experience and knowledge possessed by this witness which went far beyond the ken of the average layman. Under Alabama law, the competency of a witness to testify as an expert is a matter addressed to the discretion of the trial court and its decision will not be disturbed on appeal unless there is palpable abuse.Sharp v. Argo-Collier Truck Lines Corp., Ala., 356 So.2d 147
(1978). The trial court did not abuse its discretion in permitting Mr. Reitz to testify as an expert witness.
Reitz having been qualified as an expert, it was proper for the trial court to allow Reitz to testify concerning the administrative interpretation of the Board's resolution as it applied to tenure. Interpretations of an act by the administrative agency charged with its enforcement, though not conclusive, are to be given great weight by the reviewing court. Employees' Retirement System v. Oden, Ala., 369 So.2d 4
(1979). Since the office of Post-Secondary Services, in which Mr. Reitz served, developed the policies of the technical schools, monitored their budgets and served as the liaison between the various schools and the State Board, its interpretations of its resolution as applied to the tenure law are not only admissible evidence, but are to be given great weight by this Court.
Accordingly, there was ample evidence to support the trial court's finding ore tenus that the technical colleges did not operate as one system for the purpose of tenure. Hence, the trial court's decree was not palpably erroneous.
Hulcher also contends that he was not given proper notice of non-renewal at Patterson State Technical College. Thus, he claims, he was deemed reemployed for the fourth consecutive year at Patterson and received tenure.
The Board's 1974 resolution provides in pertinent part that: (1) a teacher would be tenured if retained in the budget as a full-time regular instructor for the fourth consecutive year, (2) only years of employment from October 1 through September 30 would count toward eligibility in establishing tenure and, (3) the annual employment period of the teacher would be from October 1 through September 30, unless otherwise specified by written contract.
These provisions were reiterated by the State Board in its resolution of October 26, 1977, providing that non-tenured teachers would be notified on or before 120 days prior to the expiration of their contracts of their non-renewal for the next school year.
By regulations promulgated by the Board on May 8, 1979, the same basic tenure provisions were restated with clarification on hearing provisions and definitions, and all pre-existing conflicting regulations or resolutions were repealed.
The plaintiff contends that because he was hired on approximately September 21, 1976, his contract should run from September 21 to September 20 of each year. But by the very terms of the 1974 resolution, however, his contract must run, for tenure purposes, from October 1 to September 30, unless otherwise specified by written contract. Here the plaintiff had no written contract of employment.
The plaintiff was notified by letter on May 31, 1979 that his contract for the 1978-79 fiscal year (October 1-September 30) would not be renewed. This was more than 120 days prior to September 30. Thus, Patterson State Technical College followed the mandate of the regulation on notice to the letter. Since proper notice was given, the plaintiff was not deemed reemployed for the fourth year at Patterson and clearly did not obtain tenure status at that school. *Page 1207 
Having found no error in the trial court's actions on the issues raised, the judgment must be, and is, affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, JONES, ALMON, SHORES, EMBRY and BEATTY, JJ., concur.
[1] This case was originally assigned to another justice of this Court. It has been reassigned to the writer, who has carefully listened to the tape recordings of oral argument.
[2] In its pertinent part the 1967 resolution reads as follows:
 Tenure for Teachers in State Trade Schools On motion of Dr. Nettles, seconded by Mr. Dannelly, the resolution set forth below was unanimously adopted:
 WHEREAS, teachers in the State trade schools are not, by designation, included under the Alabama Teacher Tenure Law; and
WHEREAS, such teachers have been by practice excluded; and
 WHEREAS, such teachers are entitled to such job security as others in public education have; and
 WHEREAS, the State Board of Education is empowered to issue rules and regulations for the administration of these schools provided such rules and regulations do not run contrary to State law;
 THEREFORE BE IT RESOLVED That the Alabama State Board of Education by this resolution does declare it as the intent of this Board that teachers in the State trade schools shall have the same job security as other public school teachers have and under the same conditions and procedures as contained in the Alabama Teacher Tenure Law.
[3] The relevant portion of the Board's 1974 resolution states:
 Any full-time, year-round instructional employee of a technical institute or college shall attain tenure provided:
 1. The instructional employee meets the "Minimum Professional Standards" for permanent employment in the position held; and
 2. The director or president has retained the employee in the budget as a full-time, regular instructor for the fourth consecutive year; and
 3. Only years consisting of employment from October 1 through September 30 shall count toward eligibility in establishing tenure.
 Any full-time, instructional employee in the state technical institutes and colleges whether on tenure or not shall be deemed reemployed for the next school year unless notified by July 1 that his contract will not be renewed for the upcoming employment period. The annual employment period shall be from October 1 through September 30 unless otherwise specified by written contract.