WRIGHT, Presiding Judge.
This is a teacher tenure case under regulations of the Alabama State Board of Education pertaining to two-year postsecondary institutions.
Jeanette F. Rogers was employed full time as a secretarial instructor at Bessemer State Technical College (BSTC) in December 1976 under an oral contract. On March 19,1979, she was transferred to a federally-funded program at BSTC. She was employed under a written contract in the federally-funded program from October 1, 1979, through September 30, 1980.[1] The *230 contract specifically set out that the position was non-tenured, and that the contract period did not count towards tenure. Rogers was apparently paid a sum equivalent to that she would have received according to the pay scale of the State Board of Education. The teacher received notice of termination on May 26,1980, to be effective as of June 2, 1980. The reason for termination was a decrease in enrollment at BSTC and elimination of CETA funds from which she had been paid.
Rogers requested a hearing concerning her termination. Her motion for continuance was granted on June 25, 1980, and the local hearing committee heard the case on July 31, 1980. The committee upheld her termination.[2] She appealed to the State appeals committee. That committee heard oral argument on December 22, 1980, and upheld the local committee’s decision on January 5,1981. Rogers petitioned for writ of mandamus in the Circuit Court of Jefferson County to compel the appeals committee to withdraw its decision and reverse the decision of the local committee. The case was transferred to Montgomery County Circuit Court where venue was proper against the State Board of Education. The court denied the petition, specifically finding that Rogers had not acquired tenure and that no prejudice resulted to her by the delay of the local committee in sending her written findings of fact. From the denial of her petition, she appeals.
Rogers’ contentions on appeal are that:
(1) She had attained tenure at the time of her termination, and
(2) She was denied due process by the local committee’s violation of department regulations.
The regulations involved herein read in pertinent part as follows:
August 20, 1974-
Any full-time, year-round institutional employee of a technical institute or college shall attain tenure provided:

2. The director or president has retained the employee in the budget as a full time, regular instructor for the fourth consecutive year; and
3. Only years consisting of employment from October 1 through September 30 shall count toward eligibility in establishing tenure.
The annual employment period shall be from October 1 through September 30 unless otherwise specified by written contract.
May 8, 1979-
1. C. Tenure. Continuing service status attained at an institution when a faculty member, who has served under contract at the same institution for three consecutive years, is reemployed by the institution for the fourth consecutive year....

XI. Repealer Clause
Any and all regulations or policies adopted by the State Board of Education which are in conflict with these regulations are hereby repealed.
XII. Effective Date
This regulation shall take effect when adopted by the State Board of Education. ... These regulations shall govern all proceedings brought after they take effect and, also all further proceedings in matters then pending.
The first issue for our consideration is whether Rogers had attained tenure at the time of her termination. That issue can be narrowed further to whether Rogers’ employment from December 1976 to September 30, 1977, under oral contract should count toward tenure under the 1974 and 1979 regulations. The 1974 regulations specifically set out that only years consisting of employment from October 1 through September 30 shall count toward tenure, and that an annual employment period is from October 1 through September 30 unless otherwise specified by written contract.
*231 Rogers contends that the 1979 regulations repealed those portions of the 1974 regulations. However, our supreme court in Hulcher v. Taunton, 388 So.2d 1203 (Ala.1980) applied the 1974 regulations as to the included dates of a creditable year for tenure purposes. The court said that the 1974 resolution and the 1979 resolution contained the same basic tenure provision. It then applied the provisions of the 1974 resolutions as to the contract year for tenure purposes. The facts, especially the dates of employment, of Hulcher and this case are nearly identical. Though the principal issue was not the same in Hulcher, the same construction of the 1974-1979 resolution was necessary; i.e., when did eligibility for tenure begin? We, as did the trial court, consider that the decision in Hulcher is dis-positive of this case. Therefore, we affirm the judgment of the trial court that the period of employment of Mrs. Rogers, from December 1, 1976 to September 30, 1977, did not count toward tenure.
The second issue on appeal is whether Rogers’ due process rights were violated by failure of the local committee to comply with the regulations which set out that the committee’s findings of fact must be served on the teacher within five days. Rogers’ hearing was held July 31, 1980. She was furnished those findings November 21, 1980, approximately one month prior to her hearing before the State appeals committee.
The trial court determined that no prejudice resulted to Rogers from the delay. We agree. Rogers had ample opportunity to present her case, and did so both before the appeals committee and the trial court. We are of the opinion that the trial court correctly determined that “the procedures afforded Mrs. Rogers were more than adequate to prevent unreasonable, arbitrary or capricious termination of her employment.”
We observe that because the trial court found Hulcher to be dispositive of the issue of tenure, it did not consider a second aspect of tenure presented to it — that was, whether the last period of employment of Mrs. Rogers under a special written contract as a CETA employee was creditable for tenure. That contract specifically provided that it was not so creditable.
That issue, not having been decided below, is not now before us. For the reasons heretofore stated, we must affirm.
. AFFIRMED.
BRADLEY and HOLMES, JJ., concur.

. She was also under written contract for the period beginning September 1, 1979, through September 30, 1979.

. Rogers did not receive the committee’s findings of fact within five days as required. She finally received them on November 21, 1980.