MOORE, Judge.
 

 Jennifer Holland appeals from the Montgomery Circuit Court’s denial of her petition for a common-law writ of certiora-ri. Susan Salatto, the former president of Southern Union State Community College (“SUSCC”) and Amelia Pearson’s predecessor,
 
 [1]
 
 terminated Holland’s employment effective August 8, 2007. Holland filed a direct appeal to the chief administrative law judge of the Office of Administrative Hearings, Division of Administrative Law Judges, Office of the Attorney General, purportedly pursuant to Ala.Code 1975, § 36-26-115, a part of the Fair Dismissal Act (“the FDA”), Ala.Code 1975, § 36-26-100 et seq. The administrative law judge (“ALJ”) dismissed Holland’s appeal, concluding that Holland had not been employed by SUSCC for the requisite three years to qualify her as a nonprobationary
 
 *122
 
 employee entitled to due-process rights under the FDA. See Ala.Code 1975, §§ 36-26-101(a) & 36-26-103. Holland then filed a petition for a common-law writ of certiorari in the Montgomery Circuit Court (“the trial court”). The trial court denied Holland’s petition on June 18, 2008. Holland then filed a notice of appeal to this court on July 30, 2008.
 

 In
 
 South Alabama Skills Training Consortium v. Ford,
 
 997 So.2d 309, 324 (Ala.Civ.App.2008), this court held that a party aggrieved by an ALJ’s determination as to whether someone is an employee covered by the FDA may seek review of that determination by way of a petition for a common-law writ of certiorari filed in the circuit court.
 

 “The circuit court’s standard of review of a petition for a common-law writ of certiorari is well settled. On common-law certiorari review, the circuit court’s ‘scope of review was limited to determining if the [ALJ’s] decision [finding that Holland was not a nonprobationary employee] was supported by legal evidence and if the law had been correctly applied to the facts.’
 
 Evans v. City of Huntsville,
 
 580 So.2d 1323, 1325 (Ala.1991). ‘In addition, the court was responsible for reviewing the record to ensure that the fundamental rights of the parties, including the right to due process, had not been violated.’
 
 Id.
 
 ‘Questions of fact or weight or sufficiency of the evidence will not be reviewed on certiorari.’
 
 Personnel Bd. of Jefferson County v. Bailey,
 
 475 So.2d 863, 868 (Ala.Civ.App.1985).
 

 “ ‘ “ ‘[A] common-law writ of certiorari extends only to questions touching the jurisdiction of the subordinate tribunal and the legality of its proceedings. The appropriate office of the writ is to correct errors of law apparent on the face of the record. Conclusions of fact cannot be reviewed, unless specially authorized by statute. The trial is not de novo but on the record; and the only matter to be determined is the quashing or the affirmation of the proceedings brought up for review.’ ” ’
 

 “G.W. v. Dale County Dep’t of Human Res.,
 
 939 So.2d 931, 934 n. 4 (Ala.Civ. App.2006) (quoting
 
 City of Birmingham v. Southern Bell Tel. & Tel. Co.,
 
 203 Ala. 251, 252, 82 So. 519, 520 (1919), quoting in turn
 
 Postal Tel. Co. v. Minderhout,
 
 195 Ala. 420, 71 So. 91 (1916)). ‘This court’s scope of appellate review is the same as that of the circuit court.’
 
 Colbert County Bd. of Educ. v. Johnson,
 
 652 So.2d 274, 276 (Ala.Civ.App.1994).”
 

 Ford,
 
 997 So.2d at 324.
 

 The ALJ’s dismissal order contained the following pertinent findings of fact. On February 12, 2004, Roy Johnson, then chancellor of the Department of Postsec-ondary Education (“the Department”), appointed Holland to the position of fiscal analyst at Chattahoochee Valley Community College (“CVCC”). In February 2005, Johnson transferred Holland to the Department’s central office in Montgomery. On July 21, 2005, Johnson transferred Holland to SUSCC, where she served as a recruiter until her employment was terminated on August 8, 2007. Altogether, Holland spent three and one-half years employed in the postsecondary-edu-cation system.
 

 Based on those findings, the ALJ determined that Holland “did not attain three years of nonprobationary status at any one Alabama two-year education institution.” The ALJ further determined that, based on
 
 Hulcher v. Taunton,
 
 388 So.2d 1203 (Ala.1980), in which the Alabama Supreme Court upheld a judgment finding that, at that time, Alabama’s postsecondary institutions did not operate as a single system for the purpose of tenure, Holland’s peri
 
 *123
 
 ods of employment could not be aggregated to meet the three-year threshold set out in § 36-26-101(a). 388 So.2d at 1205-06. The ALJ therefore dismissed Holland’s appeal.
 

 The trial court reviewed the record before the ALJ and written briefs from the parties. Based on the materials submitted by the parties, the trial court entered an order that set out the following pertinent findings of fact. On February 16, 2004, Johnson appointed Holland to the position of fiscal analyst for the Department and assigned her to CVCC for “on the job training.” On September 27, 2004, Johnson “re-hired” Holland. On October 1, 2004, Johnson assigned Holland to CVCC. In March 2005, Johnson orally notified the president of SUSCC that he was transferring Holland to SUSCC as a recruiter; however, Johnson was informed that SUSCC had no vacant position at that time. By letter dated July 21, 2005, Johnson approved Holland’s transfer to SUSCC as a recruiter/academic adviser. In her employment application to SUSCC, Holland did not list CVCC as a previous employer, but, instead, she identified only the Department as her employer for the 2004-2005 period. On September 21, 2005, SUSCC officially hired Holland.
 

 The trial court concluded that the ALJ did not err as a matter of law in dismissing Holland’s appeal. The trial court also concluded that Holland had not been employed by an “ ‘educational institution’ ” for more than three years, and, based on the contents of Holland’s employment application to SUSCC, the trial court also concluded that Holland had been an employee of the Department during her assignment to CVCC. The trial court further concluded that the Department is not an employer covered by the FDA. Accordingly, the trial court affirmed the ALJ’s dismissal and denied the petition for a common-law writ of certiorari.
 

 The FDA covers “employees,” who are defined as
 

 “all persons employed by county and city boards of education, two-year educational institutions under the control and auspices of the State Board of Education, the Alabama Institute for Deaf and Blind, including production workers at the Alabama Industries for the Blind, and educational and correctional institutions under the control and auspices of the Alabama Department of Youth Services, who are so employed by any of these employers as bus drivers, lunchroom or cafeteria workers, maids and janitors, custodians, maintenance personnel, secretaries and clerical assistants, full-time instructors as defined by the State Board of Education, supervisors, and all other persons not otherwise certified by the State Board of Education.”
 

 § 36-26-100, Ala.Code 1975. By statute, an “employee” covered by the FDA generally is “deemed employed on a probationary status for a period not to exceed three years from the date of his or her initial employment.” § 36-26-101(a), Ala.Code 1975. An employer can lawfully dismiss an employee within the probationary period by furnishing the employee written notification of the termination of his or her employment at least 15 days before the effective date of termination. § 36-26-101(c). Once the probationary period ends, however, the employee is considered a “nonprobationary employee” whose employment may be terminated only for good and just cause within the meaning of § 36-26-102, Ala.Code 1975. A nonprobation-ary employee’s employment may be terminated only in accordance with the procedures set out in § 36-26-103, Ala.Code 1975, which requires, among other things,
 
 *124
 
 written notice of the grounds for seeking termination; a pretermination hearing, if the employee elects; written notice of the effective date of the termination; and the right to contest the termination in a post-termination hearing before a hearing officer pursuant to the procedures set out in § 36-26-104, Ala.Code 1975.
 

 Whether Holland qualified as a “nonprobationary employee” entitled to the added protections established in the FDA depends on whether, on the date her employment was terminated, she had been an “employee” within the meaning of § 36-26-100 for at least three years from the date of her initial employment. In her principal brief, Holland argues that the ALJ and the trial court erred in failing to aggregate her entire employment history to determine the length of her employment. Holland maintains that
 
 Hulcher, supra,
 
 does not control the issue because, she says, that decision predates the enactment of the FDA and the current postsec-ondary-education system is now unified such that the system, or the Department operating that system through its chancellor,
 
 see
 
 § 16-60-111.5, Ala.Code 1975, should be considered the integrated employer of all workers within the system no matter where they are assigned.
 
 See Radio & Television Broad. Technicians Local Union 1264 v. Broadcast Serv. of Mobile, Inc.,
 
 380 U.S. 255, 256, 85 S.Ct. 876, 13 L.Ed.2d 789 (1965) (holding that several related entities may be considered a single employer “where they comprise an integrated enterprise” for purposes of establishing jurisdiction of National Labor Relations Board).
 

 Without deciding the correctness of Holland’s premises, we note that, even if she was correct, her argument would not prevail. Assuming
 
 Hulcher
 
 no longer applies and that the postsecondary-education system can be classified as an integrated employer, Holland still would not be entitled to the relief she seeks. Section 36-26-100 defines “employees” to include “all persons employed by county and city boards of education,” but not persons employed by the Department or the “postsecondary-ed-ucation system,” which is not even a legal entity as far as we can determine. Hence, if this court were to determine that the Department or the “postsecondary-edu-cation system” employed Holland throughout her various assignments, she would not even be an “employee” covered by the FDA.
 

 In her reply brief, Holland argues alternatively that the ALJ and the trial court erred in failing to combine her employment periods with CVCC and SUSCC to meet the three-year threshold for nonprobationary status. Arguments made for the first time in a reply brief are not properly before this court.
 
 See The Dunes of GP, L.L.C. v. Bradford,
 
 966 So.2d 924, 929 (Ala.2007). However, out of an abundance of caution, we note that the trial court specifically found that Holland was never employed by CVCC. That factual finding is supported by Holland’s admission on her employment application to SUSCC in which she listed the Department as her employer during the period she worked at CVCC. In addition, the Department introduced some additional evidence indicating that Holland had remained its employee during her assignment at CVCC, including an affidavit of a human-resources specialist and certain pay records. Under the applicable standard of review, we are bound by findings of fact supported by any legal evidence.
 
 See Ford, supra.
 
 Because Holland was not employed by CVCC, her time spent working there cannot be counted toward the three-year requirement.
 

 Based on the foregoing, we conclude that neither the ALJ nor the trial court
 
 *125
 
 committed any error of law. The trial court’s judgment denying Holland’s petition for the common-law writ of certiorari is therefore affirmed.
 

 AFFIRMED.
 

 THOMPSON, P.J., and PITTMAN and THOMAS, JJ, concur.
 

 BRYAN, J., concurs in the result, without writing.
 

 [1]
 

 . Amelia Pearson is now president of SUSCC; therefore, Pearson has been substituted as the proper party.
 
 See
 
 Rule 25(d)(1), Ala. R. Civ. P.