BRYAN, Judge,
concurring specially.
I concur specially, and I concurred in Alabama Department of Corrections v. Merritt, [Ms. 2081084, June 18, 2010], because § 14-8-6, Ala.Code 1975, plainly and unambiguously states that “[i]n no event shall the withheld earnings exceed 40% of the earnings of the inmate.” (Emphasis added.) “When the language of a statute is plain and unambiguous, ... courts must enforce the statute as written *1186 by giving the words of the statute their ordinary plain meaning—they must interpret that language to mean exactly what it says and thus give effect to the apparent intent of the Legislature.” Ex parte T.B., 698 So.2d 127, 130 (Ala.1997). This court’s role “is not to displace the legislature by amending statutes to make them express what we think the legislature should have done.” Siegelman v. Chase Manhattan Bank (USA), N.A., 575 So.2d 1041, 1051 (Ala.1991). I recognize that “[interpretations of an act by the administrative agency charged with its enforcement, though not conclusive, are to be given great weight by the reviewing court.” Hulcher v. Taunton, 388 So.2d 1203, 1206 (Ala.1980). However, “[a] administrative agency cannot usurp legislative powers or contravene a statute.” Ex parte Jones Mfg. Co., 589 So.2d 208, 210 (Ala.1991). In this case, § 14-8-6 clearly provides that the Alabama Department of Corrections (“DOC”) may not withhold more than 40% of a work-release inmate’s wages. DOC has interpreted § 14-8-6 in a manner that conflicts with the plain language of that statute. Notwithstanding creative attempts made by DOC to circumvent the clear language of the statute, I am obligated to apply the statute as the legislature wrote it, regardless of whether I agree with it. To do otherwise would be to substitute my opinion for that of the legislature.
THOMAS and MOORE, JJ., concur.