On Second Application for Rehearing
 

 MOORE, Judge.
 

 This court’s opinion issued on April 2, 2010, is withdrawn, and the following is substituted therefor.
 
 [1]
 

 Dr. Stephen Franks, as president of Central Alabama Community College, appeals from a judgment of the Montgomery Circuit Court granting Andrew Jordan’s
 
 *1220
 
 petition for a common-law writ of certiora-ri to the administrative law judge (“the ALJ”) in a proceeding brought pursuant to the Fair Dismissal Act, § 36-26-100 et seq., Ala.Code 1975 (“the FDA”). We reverse the judgment.
 

 Facts and Procedural History
 

 In August 2002, Trenholm State Technical College hired Jordan as its “Interim Director of Accounting.” Jordan voluntarily resigned from that position in August 2003, and, in September 2003, Jordan began working for Snead State Community College as the temporary director of financial services. Jordan worked at Snead State for one year until his temporary position expired. In August 2004, Central Alabama Community College offered Jordan a temporary position as its business manager until the position could be advertised. Central Alabama subsequently extended Jordan’s appointment three times, until notifying Jordan on June 27, 2007, that his temporary employment would terminate on August 15, 2007. At that time, Jordan had spent over four years in the postsecondary school system. Jordan appealed the decision to terminate his employment to the Chief Administrative Law Judge of the Office of Administrative Hearings in the Division of Administrative Law Judges of the Office of the Attorney General.
 
 See
 
 § 36-26-115, Ala. Code 1975.
 

 The ALJ assigned to hear Jordan’s appeal ordered the parties to file briefs regarding whether Central Alabama had complied with the due-process requirements of the FDA. On January 9, 2008, the ALJ dismissed Jordan’s appeal, essentially concluding that Jordan had not reached nonprobationary status at the time Central Alabama terminated his employment and, thus, that he was not entitled to the notice and hearing protections afforded to nonprobationary employees in the FDA. On January 29, 2008, Jordan filed a “motion to reconsider”; the ALJ denied that motion on the basis of lack of jurisdiction on January 30, 2008. On February 8, 2008, Jordan filed a petition for a common-law writ of certiorari in the Montgomery Circuit Court.
 

 On January 29, 2009, the circuit court issued a writ of certiorari to the ALJ, stating that the ALJ had erred in holding that Jordan was not a nonprobationary employee at the time his employment was terminated. Specifically, the circuit court concluded that the FDA generally requires an employee to attain three years of service and that employment with various two-year educational institutions may be aggregated to meet that requirement. The circuit court found that Jordan had achieved nonprobationary status when considering his employment periods at Tren-holm State and Snead State along with his employment period at Central Alabama. The circuit court granted the writ of cer-tiorari, ordered the ALJ to rescind the termination of Jordan’s employment, and awarded Jordan backpay “without regard to any mitigation on [Jordan’s] part.” On March 3, 2009, Franks filed a notice of appeal to this court.
 

 Standard of Review
 

 “In
 
 South Alabama Skills Training Consortium v. Ford,
 
 997 So.2d 309, 324 (Ala.Civ.App.2008), this court held that a party aggrieved by an ALJ’s determination as to whether someone is an employee covered by the FDA may seek review of that determination by way of a petition for a common-law writ of certiorari filed in the circuit court.
 

 “‘The circuit court’s standard of review of a petition for a common-law writ of certiorari is well settled. On common-law certiorari review, the circuit court’s “scope of review was limited to determining if the [ALJ’s]
 
 *1221
 
 decision ... was supported by legal evidence and if the law had been correctly applied to the facts.”
 
 Evans v. City of Huntsville,
 
 580 So.2d 1323, 1325 (Ala.1991). “In addition, the court was responsible for reviewing the record to ensure that the fundamental rights of the parties, including the right to due process, had not been violated.”
 
 Id.
 
 “Questions of fact or weight or sufficiency of the evidence will not be reviewed on cer-tiorari.”
 
 Personnel Bd. of Jefferson County v. Bailey,
 
 475 So.2d 863, 868 (Ala.Civ.App.1985).
 

 “ ““ “[A] common-law writ of cer-tiorari extends only to questions touching the jurisdiction of the subordinate tribunal and the legality of its proceedings. The appropriate office of the writ is to correct errors of law apparent on the face of the record. Conclusions of fact cannot be reviewed, unless specially authorized by statute. The trial is not de novo but on the record; and the only matter to be determined is the quashing or the affirmation of the proceedings brought up for review.” ’ ”
 

 “ ‘G.W. v. Dale County Dep’t of Human Res.,
 
 939 So.2d 931, 934 n. 4 (Ala.Civ.App.2006) (quoting
 
 City of Birmingham v. Southern Bell Tel. & Tel. Co.,
 
 203 Ala. 251, 252, 82 So. 519, 520 (1919), quoting in turn
 
 Postal Tel. Co. v. Minderhout,
 
 195 Ala. 420, 71 So. 91 (1916)). “This court’s scope of appellate review is the same as that of the circuit court.”
 
 Colbert County Bd. of Educ. v. Johnson,
 
 652 So.2d 274, 276 (Ala.Civ.App.1994).’ ”
 

 “Ford,
 
 997 So.2d at 324.”
 

 Holland v. Pearson,
 
 20 So.3d 120, 122 (Ala.Civ.App.2008).
 

 Discussion
 

 Franks primarily argues on appeal that an employee covered by the FDA can only reach “nonprobationary” status after three years of employment with the same two-year educational institution. Based on that argument, Franks maintains that, because Jordan did not satisfy the requisite three-year employment period while employed by Central Alabama, he did not attain “nonprobationary” status. Jordan, on the other hand, asserts that the three-year probationary period commences on the date of the initial employment of a covered employee by any two-year educational institution. As a result, Jordan asserts, he should be considered a nonpro-bationary employee because he has been employed by various two-year colleges for over three years.
 

 The FDA establishes a comprehensive statutory scheme governing the termination of the employment of nonteachers employed by two-year educational institutions by setting out the substantive rights of such employees and the procedures to be followed to protect those rights.
 
 See
 
 Act. No. 83-644, Ala. Acts 1983. In general, the FDA categorizes covered employees into two groups — probationary employees and nonprobationary employees.
 
 See
 
 § 36-26-101, Ala.Code 1975. The employment of a probationary employee may be terminated at any time during his or her probationary period by written notice delivered to the employee at least 15 days before the effective termination date. § 36-26-101(c), Ala.Code 1975. On the other hand, the employment of nonproba-tionary employees may be terminated only for “good and just causes.” § 36-26-102, Ala.Code 1975. Furthermore, the employment of nonprobationary employees may be terminated only according to the procedures provided in §§ 36-26-103 and 36-26-104, Ala.Code 1975, which require,
 
 *1222
 
 among other things, written notice of the reasons for the proposed termination and the facts supporting those reasons, the opportunity to confer with the employing authority before the actual termination, written notice of the termination, the right to contest the termination in a
 
 de novo
 
 hearing before a hearing officer, and the right to appeal any adverse decision of the hearing officer to this court.
 

 The determination whether an employee should be classified as a probationary employee or a nonprobationary employee depends entirely on the language of the FDA. The FDA specifically provides:
 

 “All employees as defined in Section 36-26-100[, Ala.Code 1975,] shall be deemed employed on a probationary status for a period not to exceed three years from the date of his or her initial employment, or a lesser period which may be fixed by the employing authority.”
 

 § 36-26-101(a), Ala.Code 1975. It also provides that
 

 “[u]pon the completing by the employee of said probationary period, said employee shall be deemed employed on a nonprobationary status.... ”
 

 § 36-26-102, Ala.Code 1975. The plain language of the foregoing provisions indicates that employees covered by the FDA remain in a probationary status for three years from the date of their initial employment, unless the employing authority fixes a shorter period, at which point the employee attains nonprobationary status.
 
 See IMED Corp. v. Systems Eng’g Assocs. Corp.,
 
 602 So.2d 344, 346 (Ala.1992) (holding that, in construing a statute, “where plain language is used a court is bound to interpret that language to mean exactly what it says”).
 

 The legislature did not define the term “employing authority,” but the context in which that term is used in the FDA reveals its meaning.
 
 See Bean Dredging, L.L.C. v. Alabama Dep’t of Revenue,
 
 855 So.2d 513, 517 (Ala.2003) (“statutory language depends on context”). Section 36-26-100 defines “employees” covered by the FDA as
 

 “all persons employed by county and city boards of education,
 
 two-year educational institutions under the control and auspices of the State Board of Education,
 
 the Alabama Institute for Deaf and Blind, including production workers at the Alabama Industries for the Blind, and educational and correctional institutions under the control and auspices of the Alabama Department of Youth Services, who are so employed by any of these employers as bus drivers, lunchroom or cafeteria workers, maids and janitors, custodians, maintenance personnel, secretaries and clerical assistants, full-time instructors as defined by the State Board of Education, supervisors, and all other persons not otherwise certified by the State Board of Education.”
 

 (Emphasis added.) Section 36-26-101(b), Ala.Code 1975, provides that, “[d]uring said probationary period, the employing authority shall cause the employee’s performance to be evaluated.” Section 36-26-101(c) provides:
 

 “At any time during the employee’s probationary period, the employing authority may remove an employee by furnishing said employee written notification at least 15 days prior to the effective day of termination.”
 

 The legislature evidently intended the term “employing authority” as a shorthand reference to those entities designated in § 36-26-100, which entities are given the duty to evaluate the performance of employees during the probationary period, the authority to reduce the probationary
 
 *1223
 
 period, and the right to terminate summarily the employment of probationary employees as outlined in § 36-26-101(c).
 

 Jordan maintains that, because the State Board of Education reserves the right of control over the employees of all the two-year colleges, under the common-law definition of “employer,”
 
 see Ware v. Timmons,
 
 954 So.2d 545, 550 (Ala.2006), the State Board of Education should be considered those employees’ “employing authority.” That argument completely overlooks the fact that the legislature did not designate the State Board of Education as an entity covered by the FDA in § 36-26-100. In § 36-26-100, the legislature recognized that the two-year colleges operate “under the control and auspices of the State Board of Education,” but it specifically established that only those employees “employed by ... [the] two-year educational institutions” would be covered by the FDA. The legislature has declared that, despite the right of control exercised by the State Board of Education over the two-year colleges, persons working for the two-year colleges are to be considered employees of the two-year colleges for the purposes of the FDA.
 

 In
 
 Holland v. Pearson, swpra,
 
 this court recognized that the employees of the Department of Postsecondary Education do not qualify for the protection of the FDA because the legislature did not list the Department in § 36-26-100. 20 So.3d at 124. The holding in
 
 Holland
 
 indicates that, unless a particular entity is listed in § 36-26-100, its employees will not be covered by the FDA.
 
 [2]
 
 Applying that reasoning to this case, if Jordan’s argument is correct, then he would be an employee of the State Board of Education, an entity not listed in § 36-26-100. Hence, Jordan would have no substantive or procedural employment rights under the FDA. The legislature plainly did not intend such an outcome.
 

 Because the legislature rejected the notion that employees of two-year educational institutions should be treated as being employed by a single entity, the State Board of Education, it follows that the legislature intended that each separate two-year educational institution would be considered an “employing authority” for the purposes of the FDA. As such, each two-year college has the duty to evaluate its employees during the probationary period, the power to lessen the probationary period, and the right to terminate the employment of probationary employees at will with sufficient notice. Those statutory rights and obligations would be defeated by a construction of the FDA allowing employees to aggregate periods of employment from stints at other two-year colleges.
 

 For example, if an employee had achieved nonprobationary status at the first two-year college for which he or she worked, that employee automatically would become a nonprobationary employee upon being hired by a subsequent two-year college, although that subsequent college had never been given the opportunity to determine whether the employee merited nonprobationary status. That employee instantly would attain substantive and procedural employment rights preventing
 
 *1224
 
 his or her new employing authority from terminating his or her employment at will. In cases in which an employee previously has worked two years for one two-year educational institution, that employee subsequently would attain nonprobationary status within a year of his or her initial date of employment with another two-year educational institution, automatically lessening the probationary period and thereby divesting the new employing authority of its right to a three-year evaluation period. We must presume that, in enacting the FDA, the legislature intended each part of the act to have effect, and we must avoid a construction that renders any part of it ineffective.
 
 Ex parte D.B.,
 
 975 So.2d 940, 954 (Ala.2007) (“ ‘ “ ‘A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error.’ ” ’
 
 Ex parte Wilson,
 
 854 So.2d 1106, 1110 (Ala.2002) (quoting
 
 Ex parte Welch,
 
 519 So.2d 517, 519 (Ala.1987), quoting in turn 2A Norman J. Singer,
 
 Sutherland Statutes and Statutory Construction
 
 § 46.06 (4th ed. 1984)).”).
 

 The reading advocated by Jordan, and accepted by the circuit court, requiring employment periods from employment with any employing authority to be considered when determining nonprobationary status, would also entitle employees of employing authorities other than two-year educational institutions to aggregate their employment periods. For example, persons formerly employed by the educational and correctional institutions under the control and auspices of the Alabama Department of Youth Services who find subsequent employment at a two-year educational institution would be allowed to tack on their prior employment experience to attain nonprobationary status in a wholly different employment area. We cannot presume that the legislature envisioned such a result.
 
 See City of Bessemer v. McClain,
 
 957 So.2d 1061, 1073 (Ala.2006) (holding that construction of statute that leads to results that are inconsistent with purposes of statute should be avoided).
 

 We acknowledge that the FDA is hardly a model of legislative clarity,
 
 Bolton v. Board of School Commissioners of Mobile County,
 
 514 So.2d 820, 824 (Ala.1987); however, the vagaries within the FDA do not authorize the courts to interpret the law so as to reach an illogical or unreasonable result.
 
 Woodham v. Alabama Aviation & Tech. Coll,
 
 537 So.2d 934, 936 (Ala.Civ.App.1988). We must presume the legislature intended a rational result.
 
 John Deere Co. v. Gamble,
 
 523 So.2d 95, 100 (Ala.1988). It is apparent to this court that the legislature intended that an employing authority granted statutory rights should be allowed to exercise those rights as to each and every one of its employees, not just those with no prior experience in covered employment. To preserve those rights, and to promote that legislative intent, we construe the FDA to provide that, when a covered employee leaves the employment of an employing authority, the employee, upon his or her subsequently being hired by a different employing authority, commences a new probationary period without reference to the periods of his or her prior employment.
 

 Applying the law to this case, once Jordan began his employment at Central Alabama, a two-year educational institution under the control and auspices of the State Board of Education, a new probationary period commenced. Because the parties agree that Jordan did not reach three years of employment with Central Alabama before the termination of his em
 
 *1225
 
 ployment, and because the record contains no evidence indicating that Central Alabama shortened the probationary period, Jordan did not reach nonprobationary status before the date of the termination of his employment, notwithstanding his tenure of employment with Trenholm State and Snead State. As a probationary employee, under § 36-26-101(c) Jordan could be dismissed at the will of Central Alabama upon 15 days’ written notice. Central Alabama fully complied with its statutory obligations to Jordan, leaving Jordan with no statutory right to further procedures to contest the termination of his employment.
 

 Section 36-26-115, Ala.Code 1975, provides, in pertinent part:
 

 “An employee who has attained non-probationary status and has been denied a hearing ... as required ... shall have the right to appeal directly to the Chief Administrative Law Judge of the Office of Administrative Hearings, Division of Administrative Law Judges, Office of the Attorney General for relief.”
 

 Jordan attempted to avail himself of that procedure after Central Alabama denied him a hearing regarding the termination of his employment. However, as the plain language of the statute says, the right to appeal found in § 36-26-115 belongs only to nonprobationary employees. The ALJ correctly determined that Jordan did not attain nonprobationary status while employed by Central Alabama and, therefore, properly dismissed Jordan’s appeal. The circuit court erred in granting the writ of certiorari overturning the decision of the ALJ. Therefore, we reverse the judgment of the circuit court and remand the case with instructions for the circuit court to vacate its judgment and to reinstate the order of the ALJ dismissing Jordan’s appeal. Based on our holding, we pretermit any discussion of any other issues raised by Franks.
 

 SECOND APPLICATION OVERRULED; OPINION OF APRIL 2, 2010, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED WITH INSTRUCTIONS.
 

 THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 [1]
 

 . On April 2, 2010, on application for rehearing, this court withdrew its opinion issued on original submission on November 25, 2009, and substituted a new opinion.
 

 [2]
 

 . As an exception to the rule, this court held in
 
 Gainous v. Tibbets,
 
 672 So.2d 800 (Ala.Civ.App.1995), that the State Board of Education may, by express resolution, extend FDA coverage to employees of the Department of Postsecondary Education who are under the direct supervision of the chancellor of that department and that the chancellor will then be considered “the employing authority” for purposes of the FDA. Absent such an express resolution, however, the general rule pertains. Thus, in this case, Jordan does not fall within the
 
 Gainous
 
 exception.